EDEN LAND CORPORATION v. MINN-KOTA EXCAVATING, INC.

223 N. W. 2d 658.

November 15, 1974—No. 44818.

*O'Connor & Hannan, Joe A. Walters,* and *Michael M. Whalen,* for appellant.

*Briggs & Morgan* and *John L. Devney,* for respondent.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff and defendant were parties to a construction contract containing a general arbitration clause which provided that "[a]ll disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration."

Subsequent to defendant's completion of the work under the contract, plaintiff made claims against defendant for liquidated damages due to the asserted delay of defendant in completing the required work, and defendant made claims against plaintiff for extras and for damages allegedly caused by plaintiff's inefficiency, interference, and misrepresentations.

Defendant demanded submission of the disputed claims to arbitration. Plaintiff objected to arbitration on the ground that disputes which arose subsequent to the completion of the work required by the contract and the plaintiff's acceptance thereof are not arbitrable. Contending that the otherwise broad language of the arbitration clause is restricted by the phrase "subject to arbitration under this contract," defendant observes that, unlike clauses relating to damages in the performance of work, those clauses of the contract relating to liquidated damages because of delayed performance do not expressly make such claims arbitrable.

The board of arbitration was convened, at which time plaintiff interposed the stated objections to the board. The arbitrators concluded that the contract by its terms conferred jurisdiction. Having decided the threshold issue of arbitrability, the arbitrators deferred hearing and determination on the merits to permit plaintiff to seek a judicial determination of the jurisdictional issue.

Plaintiff thereupon commenced an action in the district court to enjoin the defendant from prosecuting its claims before the board of arbitration. The trial court found that the contract of the parties made the issues arbitrable and ordered that the parties proceed with arbitration. This appeal from the judgment followed.

The roles of the arbitrators and the courts in determining whether the parties have agreed to arbitrate an issue have been fully articulated in Layne-Minnesota Co. v. Regents of the University, 266 Minn. 284, 123 N. W. 2d 371 (1963), and Atcas v. Credit Clearing Corp. of America, 292 Minn. 334, 197 N. W. 2d 448 (1972). Neither party has raised any issue as to the appealability of the trial court's order and judgment. The dispositive issue on this appeal is whether the trial court's finding that the contractual provision for arbitration encompasses the disputes between the parties is clearly erroneous.

The arbitrators and the trial court were required to ascertain the intent of the parties solely from the language of the contract for there was no other evidence that would resolve an arguable ambiguity in the contractual provision that "[a]ll disputes, claims or questions *subject to arbitration under this contract* shall be submitted to arbitration." (Italics supplied.) Minnesota, as we declared in Ehlert v. Western Nat. Mut. Ins. Co. 296 Minn. 195, 199, 207 N. W. 2d 334, 336 (1973), "has consistently looked on arbitration as a proceeding favored in the law"—a public policy that will tend to resolve close questions in favor of arbitrability. Whatever arguable uncertainty there may be in the parties' expression of agreement, we are not persuaded that the trial court's reading of the contract was clearly erroneous.

Affirmed.