MILWAUKEE MUTUAL INSURANCE COMPANY
v. FRED E. CURRIER.

245 N. W. 2d 248.

August 20, 1976—No. 45717.

---

*Gault, MacKenzie, Gustafson & Litynski* and *W. M. Gustafson,* for appellant.

*McGraw & Haas* and *W. B. Haas,* for respondent.

Heard before Kelly, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

MACLAUGHLIN, JUSTICE.

Defendant, Fred E. Currier, pursuant to an arbitration clause in his insurance policy, made a written demand for arbitration of his claim for damages caused by injuries which he sustained in an automobile accident with an uninsured driver. Plaintiff, Milwaukee Mutual Insurance Company, Currier's insurer, resisted arbitration and applied to the district court pursuant to Minn. St. 572.09(b) to stay arbitration proceedings. The basis for plaintiff's application was its contention that a prior court determination was res judicata as to defendant's claim for damages and that, therefore, there was no issue to arbitrate. The trial court enjoined defendant from pursuing the arbitration procedure. We reverse.

On August 12, 1973, defendant, while driving his automobile, collided with an automobile driven by an uninsured motorist, Kevin Kintzi. Both drivers sustained bodily injuries as a result of the accident. Defendant made a claim for damages under the

uninsured-motorist provision of his policy with plaintiff. The uninsured-motorist provision reads:

"COVERAGE J—UNINSURED MOTORISTS (DAMAGES FOR BODILY INJURY). *To pay all sums which the insured* or his legal representative *shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile* because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, *determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.*

\* \* \* \* \*

"ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part." (Italics supplied.)

Defendant and plaintiff did not reach a settlement of defendant's claim.

In the fall of 1973, Kevin Kintzi commenced an action against defendant for property damage and personal injuries sustained in the accident of August 12, 1973. Plaintiff provided defense

counsel for defendant in the Kintzi action, but no counterclaim was interposed claiming damages for defendant's injuries. [1] After trial, a jury found defendant 65-percent negligent and Kintzi, the uninsured motorist, 35-percent negligent. The trial court thereupon ordered judgment against defendant in the amount of $5,850. There was no appeal, and plaintiff paid the judgment to Kintzi.

Thereafter, on July 15, 1974, defendant made a written demand for arbitration of his claim for damages pursuant to the arbitration clause in his insurance policy. Plaintiff then commenced the present proceeding under Minn. St. 572.09 (b) to stay the arbitration proceedings on the ground that the Kintzi action precluded arbitration of what defendant was "legally entitled to recover" and, therefore, there was no issue to arbitrate. The trial court enjoined defendant from pursuing arbitration and this appeal followed.

The issue for our decision is whether the defendant can be enjoined from proceeding with arbitration on the ground that the prior jury verdict is res judicata as to his right to recover.

The trial court's authority to stay arbitration proceedings is found in Minn. St. 572.09 (b) :

"On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

---

[1] An affidavit from defendant's counsel states that he called the attorney and the claim manager for plaintiff and asked one of them whether the insurance company would honor and pay the amount of a counterclaim if the jury should award damages to Mr. Currier on a counterclaim. The affidavit states that defendant's counsel was advised that defendant's claim was subject to arbitration and that plaintiff would not feel bound to honor a jury verdict in favor of Mr. Currier. No affidavits were filed contesting these allegations.

Minn. St. 572.09 is part of Minnesota's Uniform Arbitration Act, §§ 572.08 to 572.30, adopted in Minnesota in 1957. While the act has generally been applied to commercial disputes, it also applies to disputes "involving an arbitration provision in an uninsured-motorist endorsement of an automobile liability policy." Dunshee v. State Farm Mutual Auto. Ins. Co. 303 Minn. 473, 478, 228 N. W. 2d 567, 570 (1975). "* * * [T]he basic intent of the act is to discourage litigation and to foster voluntary resolution of disputes in a forum created, controlled, and administered by the written agreement." Layne-Minnesota Co. v. Regents of the University, 266 Minn. 284, 288, 123 N. W. 2d 371, 375 (1963). However, the act also "authorizes a court to interfere and to protect a party from being compelled to submit to arbitration proceedings where * * * the controversy sought to be arbitrated is not within the scope of the arbitration clause of the contract." Dunshee v. State Farm Mutual Auto. Ins. Co. 303 Minn. 473, 479, 228 N. W. 2d 567, 571. Thus, contracting parties "retain control over the arbitration process by the language of their agreements." Layne-Minnesota Co. v. Regents of the University, 266 Minn. 284, 288, 123 N. W. 2d 371, 375.

The uninsured-motorist clause in the instant case states that the "determination as to whether the insured * * * is legally entitled to recover such damages * * * shall be made by agreement * * * or, if they fail to agree, by arbitration." This clause clearly contemplates that the determination of whether an insured is entitled to recover shall be based on an evaluation of the facts and circumstances surrounding the accident, and that this evaluation shall be made by arbitration unless the parties agree otherwise. The question then is whether the parties have agreed otherwise. If plaintiff insurer had agreed with defendant insured to submit a counterclaim in the initial action on behalf of the insured, then such a submission would have constituted a waiver by the parties of their contractual right to arbitration. Anderson v. Twin City Rapid Transit Co. 250 Minn. 167, 84 N. W. 2d 593 (1957); Independent School Dist. No. 35 v. A. Hedenberg & Co.

Inc. 214 Minn. 82, 7 N. W. 2d 511 (1943). However, it is clear in the instant case that the parties never agreed to waive their right to arbitration. Indeed, plaintiff specifically refused to submit a counterclaim in the initial action on behalf of defendant, stating that defendant's claim was subject to arbitration. Thus, since there has been no waiver of arbitration by the parties, plaintiff is bound by its contractual agreement to arbitrate defendant's claim.

Plaintiff argues that, under the applicable language in the policy, defendant is not entitled to obtain damages through arbitration because the policy restricts such damages to those which the insured is "legally entitled to recover." Since a jury has found the defendant insured to be 65-percent causally negligent in the accident, plaintiff contends that defendant is not "legally entitled to recover" anything because of our comparative negligence statute, Minn. St. 604.01, subd. 1. Therefore, claims plaintiff, the question of defendant's legal entitlement to damages has been determined and there is nothing to arbitrate.

We disagree with plaintiff's interpretation of the arbitration clause. To accept plaintiff's interpretation of the phrase "legally entitled to recover" would in effect allow the evaluation of the facts and circumstances surrounding the accident to be made by judicial action through the operation of the doctrine of res judicata. Such a result runs directly contrary to the plain terms of the parties' agreement, namely, that the determination of entitlement shall be made not by judicial action but by agreement or arbitration. Therefore, since there has been no agreement to waive the arbitration clause, we refuse to allow plaintiff insurance company to unilaterally exploit the implication contained in the phrase "legally entitled" to the extent of undermining the very purpose of the arbitration clause.[2] In referring to the

---

[2] Plaintiff argues that allowing defendant's claim to be submitted to arbitration creates a risk that the insurance company will have to pay both parties involved in the accident. Plaintiff has to pay the uninsured motorist because of the jury finding in his favor, and it would have to

ambiguity of the phrase "legally entitled to recover damages," we observed in Dunshee:

"* * * Since it is most unlikely that any insured takes part in choosing the language of an automobile liability policy, the choice of the language of the arbitration clause was that of defendant's underwriters. Its lack of clarity compels a construction favoring [insured's] demand for arbitration of the entire controversy." 303 Minn. 484, 228 N. W. 2d 574.

Moreover, Minnesota "has consistently looked on arbitration as a proceeding favored in the law," and, therefore, this "public policy * * * will tend to resolve close questions in favor of arbitrability." Eden Land Corp. v. Minn-Kota Excavating, Inc. 302 Minn. 529, 530, 223 N. W. 2d 658, 659 (1974) ; Ehlert v. Western Nat. Mutual Ins. Co. 296 Minn. 195, 199, 207 N. W. 2d 334, 336 (1973).

Furthermore, to accept plaintiff's contention that defendant's claim is barred by. the doctrine of res judicata is not consistent with Minn. St. 572.09(e), which provides:

"An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."

The trial court exceeded its statutory authority under Minn. St. 572.09(e) by examining the merits of plaintiff's res judicata defense and thereafter enjoining defendant's written demand for arbitration. "The [arbitration] act intended that arbitrators decide both questions of law and fact," Layne-Minnesota Co. v. Regents of the University, 266 Minn. 284, 292, 123 N. W. 2d 371,

---

pay defendant if the arbitrators decide in his favor. However, this is a risk that the plaintiff agreed to assume by including the arbitration clause in its policy. The same result would have occurred if defendant's claim had been arbitrated and decided in his favor prior to the legal action brought by the uninsured motorist. See, New Jersey Manufacturers Ins. Co. v. Haran, 128 N. J. Super. 265, 319 A. 2d 768 (1974).

377. In Har-Mar, Inc. v. Thorsen & Thorshov, Inc. 300 Minn. 149, 155, 218 N. W. 2d 751, 755 (1974), we held that the statute of limitations did not preclude arbitration proceedings "solely because [the underlying] claim would be barred [by the statute of limitations] if asserted in an action in court." Similarly, since the scope of arbitration is based upon private agreement rather than public law, a res judicata defense does not preclude arbitration proceedings solely because the underlying claim would be barred by res judicata if asserted in an action in court. We, therefore, reverse and remand so that arbitration may be conducted consistent with the terms of the policy. The arbitrator shall, of course, construe the terms of the policy, find such facts as are, in his judgment, consistent with the evidence, and apply such law as he deems appropriate. In so doing, he may give whatever weight to the prior trial proceedings as he determines justified under all the circumstances.

Reversed and remanded.