**Dorothy ECKBLAD, as trustee for the heirs and next-of-kin of Dale W. Eckblad, decedent, Appellant,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, State Farm Fire and Casualty Company, Respondents.**

No. C2–85–83.

Court of Appeals of Minnesota.

July 16, 1985.

Review Denied Sept. 26, 1985.

Charles Richardson, Red Wing, for appellant.

Owen L. Sorenson, St. Paul, for respondent Farm Bur. Mut. Ins. Co.

Jeffrey A. Hanson, Rochester, for respondent State Farm Fire & Cas. Co.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Dorothy Eckblad appeals from a judgment which determined her rights to uninsured benefits occasioned by the death of her husband. The court determined that the uninsured loss should be apportioned between National Family Insurance Company (National Family), State Farm Fire and Casualty Company (State Farm), and Farm Bureau Mutual Insurance Company (Farm Bureau). The court ordered each company to pay that proportion of the damages that the liability limits of its policies bear to the total of the uninsured coverage available. On appeal, Eckblad claims that State Farm and Farm Bureau should be fully liable together because neither company provided for "other uninsurance" in their policies. We affirm.

## FACTS

The parties stipulated to the facts. The limited record of the accident reveals that Dale Eckblad was killed on December 21, 1981 while helping his son, Kevin, who had run out of gas along Highway 61 in Goodhue County. He was a pedestrian at the time of the accident.

Dale Eckblad was the named insured in thirteen auto insurance policies with National Family, for a total uninsured motorist coverage of $650,000. He was also the named insured in two policies with State Farm for a total uninsured motorist coverage of $200,000. Kevin Eckblad was the named insured in two policies with Farm Bureau containing uninsured motorist coverage for a total of $100,000. For purposes of the Farm Bureau policies, Dale Eckblad was an insured by virtue of being a member of the same household as his son.

Dorothy Eckblad, as trustee, sued Daniel James Ball and Kim Jean Marking, alleging that her husband's death was caused by their negligence. State Farm (Ball's liability carrier) denied coverage for Ball, claiming he was not an insured because he had not paid the premium on his policy.

National Family and Ball then brought a declaratory judgment action against State Farm and Dorothy Eckblad, as trustee, in the hopes of obtaining an order holding Ball's State Farm policy to be in full force and effect. This action was settled on August 24, 1983. The plaintiffs agreed to dismiss the action; the trustee agreed to accept $150,000 from National Family in settlement of all claims of every nature and kind against National Family. Further, National Family agreed to waive subrogation rights against any other party.

Eckblad then brought this action against Farm Bureau and State Farm to compel arbitration. State Farm admitted that it

was required to arbitrate, and requested an order stating that it should pay that percent of any arbitration award that its policies' limits bear to the total uninsured limits of all the relevant policies. Farm Bureau denied that it was obligated to arbitrate and argued that its policies should be held secondary to State Farm's because Kevin Eckblad was the named insured in the policies rather than the decedent Dale Eckblad.

The trial court ruled that State Farm and Farm Bureau must pay on their uninsured motorist coverage:

> that percent of the damages that the limits of liability for their policies bear to the total of the limits of uninsured motorist coverage that was available under National Family Insurance Company's thirteen policies, which is the sum of $650,000 plus the limits of uninsured motorist coverage available under the insurance policies issued by Farm Bureau and State Farm * * *.

While the application to compel arbitration was pending, the wrongful death action was called for trial. On February 13, 1984, the jury, by special verdict, apportioned the negligence as follows: 75% to Daniel Ball; 5% to Kim Marking; 16% to Trooper Randy Bluhm (State of Minnesota); 4% to Kevin Eckblad; and 0% to Dale Eckblad.

### ISSUES

1. Is this matter appealable?

2. Did the trial court err in determining that the uninsured motorist coverages of Farm Bureau and State Farm should be applied pro rata for payment of Dale Eckblad's damages in proportion to the total of all uninsured motorist vehicle coverage that applies to the accident?

3. Did the trial court err in determining that the "applicable insurance" included the full $650,000 limits of Farm National's policies?

4. Did the trial court err in determining that Farm Bureau's policies are not excess to those of State Farm?

5. Did the trial court err in determining that the jury verdict does not prevent this matter from proceeding to arbitration?

### I.

■ This action began, pursuant to Minn.Stat. § 572 (1982), as an action to compel arbitration. An order compelling arbitration is not appealable because it is not a final order. Minn.Stat. § 572.26 (1982). State Farm in its answer, however, went beyond the question of coverage and asked the trial court to interpret the policies. Thereafter, the court and all the parties involved treated the matter as a declaratory judgment action; and, because this action determined the parties' rights and liabilities under the insurance policies, it is a final judgment from which this appeal is properly taken. Minn.R.Civ.A.P. 103.03.

### II.

Eckblad claims that neither the State Farm policies nor the Farm Bureau policies have an "other insurance" clause for purposes of uninsured motorist coverage, and that therefore both State Farm and Farm Bureau are fully liable for the uninsured motorist loss and that there should be no prorating between National Family, State Farm, and Farm Bureau. Eckblad's argument is premised on a distorted reading of State Farm's and Farm Bureau's "other insurance" clauses. The clauses in both policies are virtually identical. State Farm's clause provides:

> If There Is Other Coverage
>
> Coverage U
>
> 1. If the insured sustains bodily injury as a pedestrian or while occupying your car and your car is described on the declarations page of another policy providing uninsured motor vehicle coverage, we are liable only for our share. Our share is that percent of the damages that the limit of liability of this policy bears to the total of all uninsured motor vehicle coverage that applies to the accident.
>
> 2. If the insured sustains bodily injury while occupying a vehicle which is not

your car or a newly acquired car, this coverage applies as excess to any other uninsured motor vehicle coverage.

(Emphasis omitted.)

■ The dispute between the appellant and both respondents concerns whether the clause "and your car as described on the declarations page of another policy providing uninsured motor vehicle coverage" modifies only the preceding clause "while occupying your car," or modifies "as a pedestrian" as well. Eckblad argues that it modifies both clauses; respondents argue that it modifies only "while occupying your car." Eckblad argues that because the insured was injured as a pedestrian and the insured vehicle in each of the policies ("your car") was not named in another policy, there is no "sharing" to be done. Appellant's argument is without merit.

The "other insurance" provision is clear. It provides for two specific eventualities where the insured may be covered by more than one policy: (1) when he is injured as a pedestrian, and (2) when he is injured in his car and his car is listed on another insurance policy. It then delineates a procedure to be followed when either situation arises.

Here the situation arose where the insured for purposes of both companies' policies was injured as a pedestrian. The trial court was correct to hold each company responsible only for the proportion that its liability limits bear to the total outstanding uninsured coverage available to Dale Eckblad (the total limits of State Farm, Farm Bureau and National Family).

### III.

Eckblad argues that because she settled with National Family for $150,000, "the total of all uninsured motor vehicle coverage that applies to the accident" is $150,000 rather than $650,000. Appellant's argument is without merit.

■ Where a plaintiff settles with a defendant who may be liable for the plaintiff's damages, the settlement cannot be done to the prejudice of the remaining nonsettling defendants. *Frey v. Snelgrove*,

269 N.W.2d 918 (Minn.1978). Here, Eckblad has agreed on a certain sum of money with National Family to settle her uninsured motorist coverage claim. However, Eckblad cannot achieve such a settlement to the prejudice of the remaining non-settling insurance carriers, State Farm and Farm Bureau. The remaining nonsettling parties are still entitled to pay uninsured motorist coverage in the proportion they would have paid had National Family not settled. The trial court's determination that National Family's $650,000 total policy limits are applicable is correct.

### IV.

Farm Bureau argues that its coverage should be excess to State Farm's because its policies were issued to Kevin Eckblad (the deceased's son) and the State Farm policies were issued to Dale Eckblad. (Dale Eckblad is an insured for purposes of the Farm Bureau policies by virtue of the omnibus clause in those policies.) The trial court rejected Farm Bureau's argument.

Farm Bureau relies on *Integrity Mutual Insurance Co. v. State Automobile & Casualty Underwriters Insurance Co.*, 307 Minn. 173, 239 N.W.2d 445 (1976). Farm Bureau's reliance is misplaced.

■ *Integrity* applies when the "other insurance" clauses of two or more insurers of a given risk are found to conflict or when there are no provisions to apply. Here we do not have two provisions in conflict; rather, we have two clearly delineated provisions which both provide for prorating uninsured motorist coverage where there is other insurance available. There is no need for the court to undertake the *Integrity* analysis of which policy is closest to the risk.

### V.

Respondents argue that the jury verdict should act as a bar to the parties proceeding to arbitration. The trial court determined that the trustee is entitled to arbitration with State Farm and Farm Bureau notwithstanding the jury award. The trial

court's ruling is supported by Minnesota case law.

■ In *Milwaukee Mutual Insurance Co. v. Currier*, 310 Minn. 81, 245 N.W.2d 248 (1976), the supreme court held that court determinations had no effect on arbitrations where the parties by their insurance contracts had agreed to the arbitrators deciding questions of fault and damages, not a jury. Here, it is undisputed that the parties agreed in the insurance contracts to submit such questions to the arbitrators. This position has been reaffirmed in *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.*, 348 N.W.2d 748 (Minn.1984) (arbitrators may give whatever weight to the prior trial proceedings that they deem justified). Therefore, the trial court was correct to rule that the parties may proceed to arbitration.

### DECISION

This matter is properly before this court.

The trial court correctly assessed liability among the insurance companies involved in the proportion that each company's liability limits bear to the total of all uninsured motorist coverage applicable to the accident.

Where the plaintiff settles with a defendant who may be liable for plaintiff's damages, the settlement cannot be done to the prejudice of the remaining nonsettling defendants.

Where two insurance policies provide for "other insurance" and there is no conflict, then there is no need to decide which policy is closest to the risk.

The trial court correctly determined that a jury verdict does not prevent the parties from proceeding to arbitration.

Affirmed.