**AFSCME COUNCIL 14, Respondent,**

v.

**ST. PAUL RAMSEY HOSPITAL, Appellant (C9–88–1178), Petitioner (C0–88–1179).**

**Nos. C9–88–1178, C0–88–1179.**

Court of Appeals of Minnesota.

July 5, 1988.

Christina Clark, St. Louis Park, for respondent.

Richard Beens, Anoka, for appellant, petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and SHORT, J., without oral argument.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The hospital announced its intent to implement a final contract offer, as permitted by the National Labor Relations Act. The Union argues the hospital is subject to compulsory arbitration under Minnesota law. The union sought a temporary injunction, a declaratory judgment, and an order compelling arbitration. The hospital defended, claiming it is no longer a political subdivision subject to compulsory arbitration, the

federal act has preempted state law, and the National Labor Relations Board had exclusive jurisdiction to decide whether state or federal law applies.

When it denied a temporary restraining order on March 18, the trial court specifically declined to decide the preemption issue raised in the declaratory judgment action, finding "the issues are complex and appear to be of first impression." On May 2 the trial court ordered the hospital into arbitration, without explicitly deciding the declaratory judgment issue. The hospital asserted the trial court had, in effect, decided the preemption question by compelling arbitration, and it moved for clarification or amendment of the order to include a final determination on the declaratory judgment action. The trial judge denied the motion, explaining that the order compelling arbitration was based solely on Minnesota law and he felt it was inappropriate to rule on the application of federal law.

The hospital filed appeal C9–88–1178 from the May 2 order for arbitration and an alternative petition for discretionary review in C0–88–1179. The union moves to dismiss the appeal and opposes discretionary review.

### DECISION

 "An order compelling arbitration is not appealable because it is not a final order." *Eckblad v. Farm Bureau Mutual Insurance Co.,* 371 N.W.2d 78, 80 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 26, 1985) (citations omitted). The trial court in *Eckblad* went beyond ordering arbitration, actually interpreting the insurance policies and deciding the matter as through it was a declaratory judgment ac-

tion. Since the trial court's order finally determined the rights and liabilities of the parties under the insurance policies, this court accepted jurisdiction.

By contrast, the trial court in this case clearly declined to decide the declaratory judgment issue of preemption. The findings and final decision present in *Eckblad* are conspicuously absent. We cannot agree that this order compelling arbitration is tantamount to a final decision in a declaratory judgment action, and we hold that it is non-appealable.

In the alternative, the hospital seeks discretionary review. However, the hospital has argued that the question of federal preemption should be decided by a federal court or agency and further argues that state courts lack jurisdiction to decide that issue. Presumably, on application or petition for decision of the preemption question, the hospital could also seek to enjoin arbitration. Where the hospital has taken no such action and has not asserted its claimed right to federal determination of the question, we conclude discretionary review of an otherwise non-appealable order is unnecessary.

Appeal dismissed and petition for discretionary review denied.

CRIPPEN, J., took no part in the consideration or decision of this case.