Barbara J. ARNEY, et al., Appellants,

v.

AMERICAN FAMILY INSURANCE, Respondent.

No. C1–88–672.

Court of Appeals of Minnesota.

Sept. 20, 1988.

See also 383 N.W.2d 4.

Emmett D. Dowdal, White Bear Lake, for appellants.

Willard Converse, St. Paul, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and NIERENGARTEN and HACHEY,* JJ.

## OPINION

NIERENGARTEN, Judge.

### FACTS

Appellant Barbara Arney was injured in an automobile accident on February 8, 1981, when her car collided with a car driven by Richard Helbig. Barbara was a named insured on a policy issued by respondent, American Family Insurance (A.F.I.). The policy provides for underinsured motorist protection and arbitration in the event A.F.I. and Barbara disagree either that Barbara is legally entitled to recover damages, or on the amount of the damages. The policy also requires notice to A.F.I. of any suit brought to determine legal liability or damage.

No settlement offers were made or received by Barbara and her husband, appellant Richard Arney, from Helbig concerning the damages, so the Arneys sued Helbig. Prior to trial, the Arneys wrote to A.F.I. on August 19, 1983, stating that Barbara's deposition would be taken and further stated:

> [I]n the event of a settlement for Helbig's policy limits or a judgment in excess of $50,000, we will be looking to your company for satisfaction under the underinsured motorist clauses * * *.

Barbara was subsequently found 100 percent negligent by special verdict at trial. The Arneys' total damages were found to be $73,465.40.

Subsequently, the Arneys moved to compel A.F.I. to arbitrate their action for underinsured motorist benefits against A.F.I. pursuant to Minn.Stat. ch. 572 (1986) and the terms of their policy of insurance with A.F.I. A.F.I.'s cross-motion for summary judgment was granted and the Arneys appeal.

### ISSUE

Did the trial court err in granting respondent's motion for summary judgment and denying appellants' motion to compel arbitration?

### ANALYSIS

The parties do not dispute the material facts. A.F.I. argues that the Arneys failed to notify it 30 days in advance of the resolution of their claims against Helbig, contending this notice is required by the Minnesota Supreme Court's decision in *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983). A.F.I. further alleges that the failure to notify destroyed its subrogation rights since the trial court released Helbig before A.F.I. had an opportunity to pay benefits and preserve its subrogation interest. A.F.I. claims the Arneys breached the insurance policy by "harming A.F.I.'s rights" and are no longer entitled to submit underinsured motorist claims to arbitration. The Arneys claim they not only have notified A.F.I. of their action against Helbig but fulfilled all contractual requirements, and are entitled to submit underinsured motorist claims to arbitration.

In granting summary judgment, the trial court relied on *Schmidt* where the supreme court held:

> [T]he underinsurer is entitled to notice of the tentative settlement and an opportunity to protect * * * potential [subrogation] rights by paying underinsurance benefits before release.

338 N.W.2d at 263. The trial court expanded the *Schmidt* notice requirement to include notice of a pending lawsuit, reasoning that both a settlement and a lawsuit result in release of the tortfeasor. The trial court concluded:

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

If the underinsured destroys the underinsurer's subrogation right, no matter whether it is by tort action or settlement, without first providing 30 days' notice to the underinsurer, it loses its right to arbitrate underinsured motorist benefits.

The trial court's application of the *Schmidt* notice requirement to the facts in this case was in error. The purpose of the notice requirement in *Schmidt* is to enable the underinsurer to protect its subrogation interest by paying underinsurance benefits before the release of the tortfeasor through settlement. Notice affords the underinsurer time to evaluate relevant factors such as the amount of the settlement offer, the amount of liability insurance remaining, if any, the amount of assets held by the tortfeasor, and the likelihood of recovery via subrogation. *See Schmidt*, 338 N.W.2d at 263. Thirty days notice provides ample time before settlement in which to make this assessment and either pay the benefits or let the time and the subrogation interest expire.

■ Where a trial date has been set, however, 30 days advance notice would not provide sufficient time to intervene, since discovery and any pretrial conferences desired by the insurer would require more time. Since the nature of the action necessary to preserve the subrogation interest differs where settlement and trial are involved, the 30-day notice requirement of *Schmidt* must be confined to situations involving a tentative settlement offer. Here there was no offer triggering the notice requirement. Thus *Schmidt* was misapplied by the trial court. It seems to the court that notice of commencement of an action to an insurer by the insured would require intervention in the action by the carrier absent settlement offers.

By letter dated September 8, 1983, A.F.I. acknowledged receipt of the Arneys' August 19, 1983 letter. Subsequently, A.F.I.'s senior claim counsel stated that A.F.I. knew of the commencement of the tort action against Helbig, "by reason of the letter dated August 19, 1983." The trial did not take place until February, 1985, giving A.F.I. over one year to intervene to protect its subrogation interests. Its failure to do so after notice of the commencement of the action should not prejudice the Arneys by denying them arbitration.

The parties do not dispute the existence of the arbitration clause in the insurance policy. A.F.I. however, refused to arbitrate the underinsured motorist claim arguing that the Arneys failed to fulfill contractual preconditions. We disagree. The Arneys notified A.F.I. of the action against Helbig. Nothing further is alleged to have been required under the contract. According to Minn.Stat. § 572.09(a) (1986), the trial court shall, under these circumstances, "order the parties to proceed with arbitration."

■ It would, on the surface, appear to be inequitable to now allow arbitration where A.F.I.'s subrogation rights to reimbursement by the third-party would be effectively eliminated by the jury's verdict exonerating the third-party of liability. However, we are faced with a contract of insurance between the insured and the insurer that provides for determination of liability and damages issues in an arbitration proceeding. Resolution of such issues by judicial proceedings does not necessarily preclude parties from submitting insurance coverage claims to arbitration. *See, e.g., Milwaukee Mutual Insurance Co. v. Currier*, 310 Minn. 81, 88, 245 N.W.2d 248, 251 (1976) (claim for uninsured motorist coverage; arbitration proceedings were not precluded merely because the appellant's liability was determined in a judicial proceeding and the underlying claim would have been barred by res judicata if the claim were asserted in an action in court). Strange as the result may seem, arbitration here must run its course.

## DECISION

The trial court's decision granting summary judgment is reversed because the trial court misapplied the *Schmidt* notice requirement. By notifying A.F.I. of the tort action over one year before trial, the Arneys fulfilled their contractual obligation

and are entitled to have underinsured motorist claims submitted to arbitration.

Reversed and remanded for arbitration.