**Donald H. COSTELLO, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Respondent.**

**No. C9–90–1407.**

Court of Appeals of Minnesota.

Dec. 18, 1990.

Review Granted Feb. 6, 1991.

Todd J. Zerin, St. Paul, for appellant.

Robert J. Schmitz, James F. Dunn & Associates, St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and DAVIES and NIERENGARTEN *, JJ.

---

* Wm. J. Nierengarten, acting as judge of the Court of Appeals by appointment pursuant to

Minn. Const. art. VI, § 2.

## OPINION

NIERENGARTEN, Judge.

Appellant Donald Costello was awarded damages in an action against the driver of a car which was involved in an accident with appellant's vehicle. Appellant than sought to compel respondent Aetna Casualty and Surety Company to arbitrate the issue of his damages under an arbitration clause in their insurance contract. The trial court granted respondent's motion for summary judgment, thus denying appellant's motion to compel arbitration. Appellant contends the insurance contract entitles him to arbitrate damages despite the previous jury award. We affirm.

## FACTS

Appellant was injured in an automobile accident in October of 1986. At that time, appellant was covered under an automobile insurance policy issued by respondent. The policy's liability limit was $300,000 and it provided $110,000 in uninsured motorist coverage. The policy's declaration page also indicated that the policy provided underinsured motorist coverage and referred to an attached endorsement for the limit of the coverage. However, the space for the limit on the endorsement page was left blank.

The policy included a provision providing for arbitration in case of a coverage dispute:

> If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operater of an underinsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration.

Appellant chose to bring an action against the driver of the other car and won a jury verdict of $18,360.76. The other driver's liability coverage was limited to $100,000. The other driver's insurance company paid appellant the $18,360.76.

Later, appellant made a written demand for arbitration to respondent. Respondent refused to submit to arbitration and appellant applied to the trial court for arbitration under Minn.Stat. § 572.09 (1988). Appellant also brought an action for a declaratory judgment to determine the limit on underinsured benefits under the policy. Appellant asked that the limit be construed as $300,000.

Both parties moved for summary judgment. Respondent argued that arbitration was barred by the earlier jury verdict on damages and that the underinsured motorist limit should be $110,000. The trial court granted respondent's motion for summary judgment on all issues.

## ISSUE

Did the trial court err by ruling that the earlier jury verdict barred arbitration of appellant's damages?

## ANALYSIS

On appeal from a summary judgment where the parties agree to the material facts and only questions of law are before the trial court, no deference need be given to the court below. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn. 1989). Here, there is no dispute about the relevant facts. The parties only disagree about whether arbitration is barred by the jury verdict and the amount of underinsured coverage that the court should interpret into the policy.

A res judicata defense does not preclude an arbitration proceeding solely because the underlying claim would be barred by res judicata if asserted in an action in court. *Milwaukee Mutual Ins. Co. v. Currier*, 310 Minn. 81, 87–88, 245 N.W.2d 248, 251 (1976).

In *Currier*, the insured was involved in an automobile accident with an uninsured driver. The other driver brought an action against the insured and the court ordered judgment against the insured. Despite the judgment against him, the insured made a demand on his insurer to arbitrate his claim for damages pursuant to an arbitration clause in his insurance policy. The clause provided that if the parties did not agree on whether the insured was legally entitled to recover damages from an uninsured driver,

the matter would be settled through arbitration.

The trial court ruled that the previous judgment against the insured barred arbitration because the issues to be arbitrated had been decided by the previous action. The supreme court reversed, holding that "since the scope of arbitration is based upon private agreement rather than public law" the arbitration was not barred by res judicata. *Id.* The court based its ruling on the arbitration statute, which provides in part:

"An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."

*Id.* at 87, 245 N.W.2d at 251 (quoting Minn. Stat. § 572.09(e)).

 Though res judicata does not bar arbitration in such a case, the *Currier* court stated that the insured could waive the right to arbitration if the insured asserted a claim in a case arising out of the accident. As the court stated:

If [the insurer] had agreed with [the insured] to submit a counterclaim in the initial action on behalf of the insured, then such a submission would have constituted a waiver by the parties of their contractual right to arbitration.

*Id.* at 85–86, 245 N.W.2d at 250 (citing *Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 84 N.W.2d 593 (1957) (commencing a suit in a court rather than relying on arbitration is a waiver of the right to arbitrate) and *Independent School Dist. No. 35 v. A. Hedenberg & Co.,* 214 Minn.

82, 7 N.W.2d 511 (1943) (conduct inconsistent with reliance on arbitration constitutes a waiver of the right to arbitrate)).

In this case, appellant chose to bring an action against the driver of the other car. He is not in the position of the insured in *Currier* who was forced to defend a suit and who did not choose to assert a counterclaim. By asserting a claim against the other driver and by being awarded damages in that action, appellant has waived his right to future arbitration of his damages. *See Mizer v. State Automobile and Casualty Underwriters,* 195 N.W.2d 367, 371 (Iowa 1972).

We have not overlooked *Arney v. American Family Ins.,* 429 N.W.2d 271 (Minn. App.1988). We point out, however, that the thrust of that case is confined to the question of whether the *Schmidt*[1] notice requirement had been misapplied by the trial court. The issue in that case was not one dealing with arbitration following suit. *Id.* at 273.

In light of our decision, we do not reach the questions of coverage or attorney fees.

## DECISION

The trial court did not err by granting summary judgment and refusing to compel arbitration.

Affirmed.

---

1. *Schmidt v. Clothier,* 338 N.W.2d 256 (Minn. 1983).