Donald H. COSTELLO, Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, Respondent.

No. C9–90–1407.

Supreme Court of Minnesota.

July 19, 1991.

Todd J. Zerin, Pamela Converse Zerin, St. Paul, for appellant.

James F. Dunn & Associates, P.A., Robert J. Schmitz, St. Paul, for respondent.

Michael Fargione, Hauer & Fargione, Minneapolis, for amicus curiae, Minnesota Trial Lawyers Ass'n.

KEITH, Chief Justice.

Petitioner Donald Costello seeks review of a court of appeals decision affirming the trial court's dismissal of a suit to compel arbitration of Costello's right to recover underinsured motorist (UIM) benefits under his policy with respondent Aetna Casualty and Surety Company (Aetna).

I

Costello was injured in an automobile accident on October 31, 1986. Costello brought a tort suit against Harold Diedrich, the driver of the other automobile involved in the accident. A jury found Diedrich 68% negligent and Costello 32% negligent in causing the accident. The jury determined that Costello did not suffer permanent injury but found lost earnings of $22,641.52; pain and emotional distress of $5,000; and future pain, disability, emotional distress and loss of earning capacity of $5,000. After subtracting no-fault benefits received, apportioning the damages to account for Costello's comparative negligence, and adding prejudgment interest, the district court entered judgment in favor of Costello in the amount of $18,360.76.

At the time of the accident, Diedrich had $100,000 in liability coverage on a policy with Illinois Farmers Insurance Company. Costello at that time was the named insured on an automobile insurance policy issued by Aetna. Costello's policy provided $300,000 and $110,000 limits on liability and uninsured motorist coverages respectively. Although the policy also contained an endorsement for underinsured motorist coverage, the declaration page did not specify the limits on UIM coverage and the spaces for limits on the UIM endorsement sheet were left blank.

The policy provided:

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of bodily injury sustained by a **covered person** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

(emphasis in original).

The policy provided for arbitration if the parties disagree whether the insured "is legally entitled to recover damages from the owner or operator of an **underinsured motor vehicle** or do not agree as to the amount of damages." (emphasis in original).

Following entry and payment of the judgment in the tort suit, Costello brought this action for a declaratory judgment to determine the limits of his UIM coverage and to compel arbitration of his right to recover UIM benefits. Aetna moved for summary judgment and a dismissal of Cos-

tello's complaint and application for arbitration. Costello brought motions for an order compelling arbitration and for summary judgment declaring the UIM coverage limit to be $300,000, the liability limit in Costello's policy. The trial court granted summary judgment to Aetna "on all issues." Holding that Costello had waived his right to arbitration, the court of appeals affirmed the trial court. *Costello v. Aetna Casualty & Sur. Co.*, 463 N.W.2d 911, 913 (Minn.App.1990).

## II

In order to invoke UIM coverage under the Aetna policy, Costello's injury must have been caused by an "underinsured motor vehicle." *Broton v. Western Nat'l Mut. Ins. Co.*, 428 N.W.2d 85, 89 (Minn. 1988). The Minnesota Statutes define an underinsured motor vehicle as "a motor vehicle * * * to which a bodily injury liability policy applies at the time of the accident but its limit for bodily injury liability is less than the amount needed to compensate the insured for actual damages." Minn.Stat. § 65B.43, subd. 17 (1990). Costello's policy with Aetna defines an underinsured motor vehicle as "a land motor vehicle * * * to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the amount the covered person is legally entitled to recover from the owner or operator of such motor vehicle." (emphasis in original).

■ In the Diedrich action, Costello was awarded damages in the amount of $18,360.76. Costello does not dispute that this amount, the amount he is legally entitled to recover as a result of the accident, is less than Diedrich's limit for bodily injury liability. Instead he argues that he has a contractual right to arbitrate the amount of damages under the terms of the underinsured motorist coverage in the Aetna policy. The court, however, must make a finding of coverage before Costello is entitled to invoke his right to arbitration. *See Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988) (coverage disputes are not arbitrable). The

*Johnson* court held that on a motion to vacate an arbitrator's award, a reviewing court ought to examine de novo a decision by the arbitrator on a coverage issue. *Id.* at 420–21. Where the coverage dispute arises on a motion to compel arbitration or to enjoin arbitration, the court ought to decide the issue in the first instance. Here, whether Costello's injury was caused by an underinsured motor vehicle is a precondition to coverage that must be decided by the court. *United States Fidelity & Guaranty Co. v. Fruchtman*, 263 N.W.2d 66, 71–72 (Minn.1978). The court must make an initial determination that Costello's damages are greater than the limit on Diedrich's bodily injury liability coverage, which the parties agree is $100,000.

■ Under the doctrine of collateral estoppel, once a court of competent jurisdiction determines an issue, that determination is conclusive in a subsequent suit involving a party to the prior litigation. *Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 902 (Minn.1984). Collateral estoppel applies where

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 613 (Minn.1988).

■ Costello brought suit against Diedrich, had a full and fair opportunity to litigate the issue of his damages—identical to an issue necessary to the determination of coverage in this case, and received a final judgment on the merits in the amount of $18,360.76. The doctrine of collateral estoppel therefore precludes Costello from relitigating the issue of his damages in this subsequent judicial proceeding to determine whether he may invoke his underinsured motorist coverage.

Costello relies on a series of Minnesota cases holding that a prior judicial resolution of the issues of fault or damages does not collaterally estop an insured from seeking arbitration of those issues as provided

by an arbitration clause in the insurance contract. *See, e.g., Milwaukee Mut. Ins. Co. v. Currier,* 310 Minn. 81, 245 N.W.2d 248 (1976); *Liberty Mut. Ins. Co. v. American Family Mut. Ins. Co.,* 463 N.W.2d 750 (1990). In *Currier,* the insured was injured in an automobile accident with an uninsured motorist. The uninsured motorist brought a suit against the insured and recovered damages from the insured after a jury found the insured 65 percent negligent. The insured then sought to arbitrate his entitlement to recover uninsured motorist benefits from his insurer. This court rejected the insurer's argument that the insured may be enjoined from proceeding with arbitration on the ground that the prior jury verdict is res judicata as to the insured's right to recover benefits. 310 Minn. at 88, 245 N.W.2d at 251. In *Liberty Mutual,* we merely reiterated the now unexceptional proposition from *Currier,* that where the parties have contractually agreed to submit an issue—fault in *Liberty Mutual*—to arbitration, collateral estoppel will not preclude arbitration of that issue. 463 N.W.2d at 758.

Neither *Liberty Mutual* nor *Currier* involved coverage disputes; in both cases the parties did not dispute that the insureds were injured in accidents with uninsured motorists. *Currier* is inapplicable here because Costello and Aetna have not agreed to submit coverage disputes to arbitration. Whether Costello was injured by an underinsured motorist is thus subject to determination by the court, not an arbitrator. We hold that when the court makes a determination in a dispute over coverage under an automobile insurance policy, the principles of collateral estoppel may apply to bind a party on an issue conclusively determined in the prior litigation. Costello cannot establish coverage, and therefore, he is not entitled to arbitrate damages. Because of our resolution of this issue we do not determine the limits on Costello's underinsurance coverage or whether Costello waived any right to arbitration.

Affirmed.