**EMPLOYERS MUTUAL COMPANIES,**
Respondent,

v.

**Florence Sofie NORDSTROM, Appellant.**

**No. C1–91–2240.**

Court of Appeals of Minnesota.

Aug. 4, 1992.

Review Granted Sept. 15, 1992.

Timothy J. O'Connor, Thomas D. Jensen, Lind, Jensen & Sullivan, Minneapolis, for respondent.

Errol K. Kantor, Charles A. Beckjord, The Taylor Law Firm, Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Initially, the parties brought to this court the question of whether an insured's demand for arbitration can be properly stayed in order to compel a judicial determination of whether a tortfeasor is underinsured. However, the record reveals the issue on appeal is narrower: whether such a stay was proper when the insured had already sought a judicial resolution of the tort claim. Accordingly, we requested additional briefing from the parties addressing the question of whether the insured in these circumstances waived her right to compel arbitration.

## FACTS

This case arises from an accident which occurred in October 1990. Appellant Florence Nordstrom was crossing an urban street when she was struck by an automobile owned and operated by Tamara Paschka. As a result of the accident, appellant suffered numerous injuries.

Paschka has automobile insurance providing liability limits of $50,000 for this occurrence. Appellant filed an action against Paschka in Hennepin County, and a certificate of readiness has been filed in the matter. At the time of the accident, appellant had automobile liability insurance with respondent Employers Mutual. The policy provided for up to $60,000 in underinsured motorist coverage, defining an "underinsured motor vehicle" as follows:

A land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident in limits equal to or greater than the minimum limits specified by the Minnesota No–Fault Automobile Insurance Act but its limit for bodily injury liability is not enough to pay the full amount the "insured" is legally entitled to recover as damages.[1]

The policy also provides for arbitration of claims upon the written demand of either party:

If we and an "insured" do not agree:
1. Whether that person is legally entitled to recover damages under this endorsement; or
2. As to the amount of damages; either party may make a written demand for arbitration.

In February 1991, appellant requested arbitration pursuant to the policy and an arbitration hearing was scheduled for August 21, 1991. However, on August 15, 1991 Employers Mutual brought a motion to stay arbitration pursuant to Minn.Stat. § 572.09 (1990).[2] Employers Mutual re-

---

1. An "underinsured motor vehicle" is statutorily defined as:

   a motor vehicle * * * to which a bodily injury liability policy applies at the time of the accident but its limit for bodily injury liability is less than the amount needed to compensate the insured for actual damages.

Minn.Stat. § 65B.43, subd. 17 (1990).

2. Minn.Stat. § 572.09(b) provides:

   On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and sum-

quested a stay "until such time as the court has made a finding that the tortfeasor was underinsured." [3]

The trial court granted the motion on August 16, 1991, holding that a determination in the district court of whether the vehicle which struck Nordstrom was an "underinsured motor vehicle" was a prerequisite to her claim for underinsured motorist benefits. Specifically, the court stated that

> In the instant case, it is unclear as to whether the amount plaintiff is legally entitled to recover as a result of the accident is less than Paschka's limit for bodily injury liability because there has been no resolution of the tort action. * * *
>
> The Court * * * must make a finding of coverage before plaintiff is entitled to invoke her right to arbitration.

> \*  \*  \*  \*  \*  \*

> At this time, Nordstrom has not established coverage without proof that her damages are greater than the limits on the alleged tortfeasor bodily injury liability insurance policy and, therefore, she is not yet entitled to arbitrate damages.

Trial Court's Conclusions of Law, paras. 6–9. The court then ordered that

> The arbitration commenced by defendant Florence Nordstrom against plaintiff Employers Mutual Companies to seek underinsured motorist benefits is hereby stayed pursuant to Minn.Stat. Sec. 572.09 until such time as Florence Nordstrom's tort action against the tortfeasor is settled or until such time as a District Court determines that the tortfeasor was underinsured.

## ISSUE

Did the insured in these circumstances waive her right to compel arbitration?

marily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

## ANALYSIS

As stated previously, the issue on appeal is narrower than might be suggested by the trial court's holding. As initially presented, we were asked to decide whether this or any other underinsurance claimant could be denied claim arbitration and compelled to pursue court adjudication on critical issues of liability and damages. This issue involved a conflict between considerations for prompt arbitration of a dispute and for employing court proceedings to resolve the issues of liability and damage.

However, because the claimant in this case brought suit in court before seeking arbitration, our decision turns on the more limited question of whether the claimant's choice of remedies gives her less right to compel arbitration than might be the case for one promptly seeking arbitration as the preferred means to pursue the insurance claim. Since this issue is one of law, it must be reviewed without deference to the trial court's holding. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

The supreme court has stated that an insured can waive the right to arbitration. *Milwaukee Mut. Ins. Co. v. Currier*, 310 Minn. 81, 85, 245 N.W.2d 248, 250 (1976). In *Currier*, the court observed that if the claimant had submitted a counterclaim when sued by the alleged tortfeasor, then the doctrine of waiver would have applied. *Id.* at 85–86, 245 N.W.2d at 250 (citing *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 84 N.W.2d 593 (1957); *Independent Sch. Dist. No. 35 v. A. Hedenberg & Co.*, 214 Minn. 82, 7 N.W.2d 511 (1943)).

In light of *Currier* and its antecedents, appellant's choice to litigate her claims in tort proceedings constitutes a waiver which prevents her from compelling arbitration. The language in *Currier* reveals that waiver occurs once the matter is submitted for

**3.** The only documents submitted at the hearing were the insurance policy and a copy of the Minnesota Supreme Court's decision in *Costello v. Aetna Casualty & Sur. Co.*, 472 N.W.2d 324 (Minn.1991).

judicial resolution and there is no need for the completion of the tort action. *Id.* 310 Minn. at 85, 245 N.W.2d at 250 (if party had "agreed * * * to submit" claim to court, then waiver would have occurred). This result follows even though the respondent insurer is not an adverse party to appellant in her tort action. Just as in the hypothetical circumstances of pursuing a counterclaim in *Currier;* appellant's lawsuit will involve issues affecting her underinsurance claim even though respondent is not an adverse party in that action.

We observe that in *Currier* the prospective waiver by submission of a counterclaim involved the mutual choice of the insured and the insurer who represented the insured in the suit proceedings. However, the issue in this case does not depend on a mutual waiver. The question here is confined to the insured's contractual right to compel arbitration, and the insured's unilateral waiver determines the issue of the case. In fact, the insured did exactly what was hypothetically attributed to the insured in *Currier*—she sought a judicial resolution of questions involving fault and damages. Moreover, waiver was mutual in the present case at least insofar as the insurer responded to the request for arbitration with a demand for a stay of the proceedings.

Respondent joins appellant in resisting application of the doctrine of waiver to support the trial court's decision to stay arbitration in this case. Implied in this position is respondent's concern that it have the option to pursue arbitration in the event it finds displeasing the results of tort litigation. This intriguing proposition need not be addressed in light of the limited scope of the issue before us, which concerns the insured's rights, not the insurer's.

## DECISION

Because appellant waived the right for immediate arbitration in the circumstances of this case, the trial court did not err in staying arbitration pending conclusion of judicial proceedings concerning appellant's tort claim.

Affirmed.