Diane L. SCHOENBORN, Appellant,

v.

## STATE FARM AUTOMOBILE INSURANCE COMPANY, Respondent.

No. C4–92–1433.

Court of Appeals of Minnesota.

Feb. 9, 1993.

Stefan A. Tolin, Minneapolis, for appellant.

William M. Hart, Mark Bloomquist, Meagher & Geer, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and FLEMING *, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Diane L. Schoenborn and respondent State Farm Automobile Insurance Company are parties to an insurance contract providing both uninsured and underinsured motorist benefits. The insurance contract provides that disputes involving uninsured motorist benefits may be submitted to arbitration; but it is silent on the resolution of disputes involving underinsured motorist benefits. Schoenborn brought a motion to compel arbitration of a claim for underinsured motorist benefits. She argued that the 1986 version of the No–Fault Act, applicable to the case at hand, requires identical treatment of uninsured and underinsured motorist claims. She contends that an agreement to arbitrate one implies an agreement to arbitrate the other. The trial court denied her motion. We affirm.

## FACTS

Schoenborn was injured in a two-car collision on December 10, 1987, and suffered multiple injuries. She claims that the accident resulted from the negligent operation of a motor vehicle driven by Jody Irene Johnson.

Johnson carried automobile insurance with Allstate Insurance Company. Her policy included liability coverage in the amount of $50,000 per person. Schoenborn's policy with State Farm included uninsured/underinsured coverage in the amount of $50,000 per person. Schoenborn

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment

made a claim against Johnson's policy, and Allstate offered to settle for $27,500.

Schoenborn accepted Allstate's offer after notifying State Farm that her actual damages would exceed the amount offered. She informed State Farm that she intended to seek underinsured motorist benefits and requested that her claim be submitted to arbitration for a determination of damages. The insurance contract between State Farm and Schoenborn does not provide for arbitration of underinsured motorist claims. However, it provides for the arbitration of uninsured motorist claims as follows:

> Two questions must be decided by agreement between the *insured* and us:
>
> (1) Does the owner or driver of the *uninsured motor vehicle* legally owe the *insured* damages; and
>
> (2) If so, in what amount?
>
> If there is no agreement, these questions shall be decided by arbitration upon request of the *insured* or us.

(Emphasis in original).

State Farm declined to arbitrate the damages issue, contending that it had no contractual obligation to do so. Schoenborn brought a motion to compel arbitration pursuant to Minn.Stat. § 572.09(a) (1990). She argued that Minn.Stat. § 65B.49, subd. 3a (1986) (prior to 1989 revision) required identical treatment of underinsured and uninsured motorist claims. The trial court issued an order denying Schoenborn's motion to compel arbitration. Schoenborn appeals.

## ISSUE

May a party to an automobile insurance contract, interpreted in light of Minn.Stat. § 65B.49, subd. 3a (1986), compel arbitration of an underinsured motorist claim when the policy is silent on the question but provides for arbitration of uninsured motorist claims?

pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

On appeal from an order denying a motion to compel arbitration, this court

is not bound by the trial court's interpretation of the arbitration agreement and independently determines whether the trial court correctly interpreted the clause.

*Michael–Curry Cos. v. Knutson Shareholders Liquidating Trust*, 449 N.W.2d 139, 141 (Minn.1989). Nor is this court bound by the trial court's interpretation of Minn.Stat. § 65B.49, subd. 3a (1986). Interpretation of a statute is a question of law which this court reviews de novo on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Minn.Stat. § 572.08 (1990) provides that a provision in a valid written contract to submit any controversy to arbitration is enforceable and irrevocable. Minn.Stat. § 572.09(a) (1990) empowers the courts to enforce arbitration agreements and describes the procedure for resolving arbitrability disputes:

[I]f the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

Public policy requires that close questions be resolved in favor of arbitrability. *Eden Land Corp. v. Minn–Kota Excavating, Inc.*, 302 Minn. 529, 530, 223 N.W.2d 658, 659 (1974).

■ Schoenborn argues that uninsured and underinsured motorist coverages were so intertwined in 1987 that an agreement to arbitrate one necessarily implies an agreement to arbitrate the other. Minn. Stat. § 65B.49, subd. 3a(1) (1986) requires automobile insurers to provide both uninsured and underinsured motorist coverage. The last sentence of this subdivision states as follows:

For the purposes of this subdivision, uninsured motorist coverage and underinsured motorist coverage shall be a single coverage.

*Id.* Addressing an argument by the Commissioner of Commerce that the "single coverage" language above should be narrowly construed, this court held as follows:

The commissioner argues that the language, "For purposes of this subdivision," indicates that the legislature did not intend the coverages to be combined for *all* purposes. The commissioner does not provide examples of purposes, other than those set forth in subdivision 3a, for which the coverages would be separate.

*In re State Farm Mut. Auto. Ins. Co.*, 392 N.W.2d 558, 568 (Minn.App.1986) (emphasis in original).

State Farm does not deny that uninsured and underinsured motorist coverages were considered a single coverage in 1987 but argues that the issue at hand does not involve coverage, but rather dispute resolution.

State Farm maintains it prefers to arbitrate claims involving uninsured motorists because these persons usually have no assets and that underinsured motorists have assets at least to the extent of their liability policies. When the tortfeasor is an underinsured motorist, he or she is more likely to be subject to an action in state court for damages. State Farm would prefer to include its insured in these proceedings rather than separately arbitrate the same questions.

■ We conclude that the method of dispute resolution selected by the parties is a procedural matter unrelated to the requirement that uninsured and underinsured motorist coverages be treated as a single coverage. State Farm's explanation for its distinction in the treatment of these claims supports its assertion that it did not intend to provide for arbitration of underinsured motorist claims.

Schoenborn argues that at the very least the question of arbitrability is reasonably debatable. When it is reasonably debatable whether an issue is intended to be subject to arbitration, the scope of the arbitration clause should be determined by the arbitrators. *Dunshee v. State Farm Mut. Auto. Ins. Co.*, 303 Minn. 473, 479–80 228

N.W.2d 567, 571 (1975). Schoenborn, however, bases her argument in favor of arbitrability on an interpretation of Minn.Stat. § 65B.49, subd. 3a(1). In *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988), the court limited the arbitrator's role in automobile insurance disputes as follows:

> We think that consistency mandates that the courts interpret the no-fault statutes, not various panels of arbitrators. Therefore, we hold that in the area of automobile reparation, arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts.

Even if the question of arbitrability were reasonably debatable, Schoenborn's decision to base her argument on an interpretation of the no-fault statutes creates an issue of law for the courts.

■ Regardless, we find that the question of arbitrability is not reasonably debatable. The plain language of the insurance contract requires enforcement according to its terms. As we stated in *School Serv. Employees Union Local 284 v. Independent Sch. Dist. No. 88*, 459 N.W.2d 336, 338 (Minn.App.1990), *pet. for rev. denied* (Minn. Oct. 25, 1990):

> Determination of whether it is reasonably debatable that the parties intended to arbitrate an issue is drawn from the language of the arbitration agreement itself.

The No–Fault Act does not require an insurer to arbitrate claims for uninsured or underinsured motorist benefits. Schoenborn's right to arbitrate claims, therefore, derives from her contract with State Farm. A party cannot be ordered to submit to arbitration any dispute which it has not agreed by contract to submit. *See United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 580–81, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

## DECISION

Affirmed.