STATE OF MINNESOTA

IN SUPREME COURT

A14-0726

Workers' Compensation Court of Appeals                                    Stras, J.
                                                                Concurring, Dietzen, J.


Yer Sumner,

                    Respondent,


vs.                                                             Filed:  July 8, 2015
                                                          Office of Appellate Courts
Jim Lupient Infiniti and
SFM Risk Solutions,

                    Respondents,

North Memorial Health Care and
Mercy Hospital,

                    Relators,

and

Fairview Health Services et al.,

                    Intervenors.

_____


Paul W. Schroepfer and Bernard J. Robichaud, Robichaud, Anderson & Alcántara, P.A.,
Minneapolis, Minnesota, for respondent Yer Sumner.

Gregg A. Johnson and Joseph P. Mitchell, Heacox, Hartman, Koshmrl, Cosgriff &
Johnson, P.A., Saint Paul, Minnesota, for respondents Jim Lupient Infiniti and SFM Risk
Solutions.

1

Kris A. Wittwer, Wittwer Syverson, P.A., Roseville, Minnesota, for relators North Memorial Health Care and Mercy Hospital.

Patricia A. Sonnenberg, Assistant Attorney General, Saint Paul, Minnesota, for amicus curiae Minnesota Department of Human Services.

Sean M. Quinn, Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, Minnesota, for amicus curiae Minnesota Association for Justice.

_____

## S Y L L A B U S

Minnesota Statutes § 176.361, subd. 4 (2014), requires an intervenor in a workers' compensation case to appear at conferences and hearings.

Affirmed.

## O P I N I O N

STRAS, Justice.

The question presented in this case is whether a party who intervenes in a workers' compensation matter must appear at the hearing at which a compensation judge resolves the intervenor's claim for reimbursement. In this case, the intervenors are two health-care providers that provided treatment to an employee, but had their claims for reimbursement denied when they failed to attend a hearing before a compensation judge. In a divided decision, the Workers' Compensation Court of Appeals affirmed the denial of their claims. For the reasons set forth below, we also affirm.

I.

In January 2012, Yer Sumner was injured when she fell while working for Jim Lupient Infiniti ("Lupient"), a car dealership located in Golden Valley. Sumner received

treatment over the course of the following year, and filed a claim petition for workers' compensation benefits based on the injury. Lupient, which is self-insured, denied primary liability.

Eleven entities (collectively, "the Intervenors"), including North Memorial Health Care and Mercy Hospital (collectively, "the Relators"), moved to intervene as of right after Sumner filed her claim petition. Lupient objected to the motions of nine of the eleven Intervenors, including those filed by the Relators, on the ground that the services they provided were not reasonable, necessary, or causally related to the injury. After they filed their motions, the Intervenors did not actively participate in the proceedings before the compensation judge. None personally appeared at the hearing, received permission to be absent from the hearing, or filed a stipulation.

Following a 1-day hearing, the compensation judge issued an order in which he denied reimbursement to the Intervenors because they did not attend the hearing. The judge relied on Minn. Stat. § 176.361, subd. 4 (2014), which states that intervenors "shall attend all settlement or pretrial conferences, administrative conferences, and the hearing," and that the "[f]ailure [of an intervenor] to appear shall result in the denial of the claim for reimbursement."

The Relators and Sumner appealed the compensation judge's order to the Workers' Compensation Court of Appeals, which, as relevant here, affirmed the denial of the Relators' reimbursement claims in a 2-1 decision. *Sumner v. Jim Lupient Infiniti*, 2014 WL 1671224, at *5-8 (Minn. WCCA Apr. 3, 2013). The panel majority reasoned that "unless an intervenor's right to reimbursement has 'otherwise been established,' "

3

only a compensation judge may excuse an intervenor's personal attendance at a hearing or conference. *Id.* at \*7 (quoting Minn. Stat. § 176.361, subd. 4). Because the compensation judge never waived the "attendance requirement," the majority concluded, he properly exercised his authority to deny the intervenors' claims. *Id.* The dissenting judge disagreed, and instead would have interpreted "the statutory requirement [to] attend . . . as a guarantee that the intervenor will be available for settlement negotiations should they occur during a scheduled proceeding." *Id.* at \*10 (Hall, J., concurring in part and dissenting in part) (internal quotation marks omitted). In other words, the dissent offered an interpretation of the statute that "impose[s] the sanction of extinguishment [of a reimbursement claim] only where the failure to participate result[s] in substantial prejudice to the other parties." *Id.*

## II.

We review questions of statutory interpretation de novo. *See, e.g.*, *Larson v. State*, 790 N.W.2d 700, 703 (Minn. 2010). "The first step in statutory interpretation is to 'determine whether the statute's language, on its face, is ambiguous.' If a statute is unambiguous, then we must apply the statute's plain meaning." *Id.* (quoting *Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn. 2001)). If, however, a statute has more than one reasonable interpretation, then it is ambiguous and we may use the canons of construction to determine its meaning. *See Billion v. Comm'r of Revenue*, 827 N.W.2d 773, 777-778 (Minn. 2013).

A.

The questions presented in this case are whether intervenors are required to attend proceedings before a compensation judge and, if so, whether the statutory penalty for nonattendance is the denial of their claims for reimbursement. The plain language of Minn. Stat. § 176.361, subd. 4, answers both questions:

> Unless a stipulation has been signed and filed or the intervenor's right to reimbursement has otherwise been established, the intervenor *shall attend* all settlement or pretrial conferences, administrative conferences, and the hearing. *Failure to appear* shall result in the denial of the claim for reimbursement.

Minn. Stat. § 176.361, subd. 4 (emphasis added). The first sentence of the statute, by using the word "shall" to describe the attendance requirement, creates a mandatory duty for intervenors to "attend all settlement or pretrial conferences, administrative conferences, and the hearing." *Id.*; *see also Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 155 (Minn. 2014) (stating that the use of the word "shall" denotes a mandatory duty). The mandatory duty, to "attend," is "to be present at." *The American Heritage Dictionary of the English Language* 115 (5th ed. 2011) (defining "attend"). Thus, the first sentence of subdivision 4 requires intervenors "to be present at" conferences and hearings.

The second sentence of subdivision 4 prescribes a penalty for an intervenor's failure to comply with the mandatory duty to attend conferences and hearings. Although the second sentence uses the word "appear" rather than "attend," the words "appear" and "attend" are synonymous and refer to the same act. *See Eclipse Architectural Grp., Inc. v. Lam*, 814 N.W.2d 692, 702 (Minn. 2012) (rejecting an argument that the use of two

5

different terms in a statute created an ambiguity because the two terms were consistently used as synonyms).  The legal definition of "appear" is to come "*into court* as a party or interested person, or as a lawyer on behalf of a party or interested person."  *Black's Law Dictionary* 118 (10th ed. 2014) (defining "appearance") (emphasis added); *see also American Heritage Dictionary* at 85 (defining "appear" as "[t]o present oneself formally before a court as defendant, plaintiff, or counsel").  Similarly, the commonly understood meaning of the word "appear" is "to come before the public or into public view."  *Webster's Third New International Dictionary* 103 (1976).  In both legal and common usage, the word "appear," as used in the statute, describes the condition of being present—that is, attending.  *See Roget's International Thesaurus* 181 (7th ed. 2010) (listing "attend" and "appear" as synonyms).

Relying on the textual canon that different words used in the same context in a statute ordinarily carry different meanings, the Relators argue that the words "appear" and "attend" necessarily refer to different acts.  *See, e.g.*, *State v. Nelson*, 842 N.W.2d 433, 439 (Minn. 2014) ("Generally, 'when different words are used in the same context, we assume that the words have different meanings.' " (quoting *Dereje v. State*, 837 N.W.2d 714, 720 (Minn. 2013))).  In the Relators' view, because the second sentence of the statute makes the penalty contingent on a "failure to appear" rather than a failure "to attend," it must mean that a compensation judge may only deny a reimbursement claim if an intervenor files no papers at all.  We disagree.

Adopting the Relators' interpretation would violate our "obligation" to read the statute as a whole and to ensure "that all of the statute's terms are effective."  *Nelson v.*

*Schlener*, 859 N.W.2d 288, 294 (Minn. 2015); *see also Kollodge v. F. & L. Appliances, Inc.*, 248 Minn. 357, 360, 80 N.W.2d 62, 64 (1956) ("It is a cardinal rule of statutory construction that a particular provision of a statute cannot be read out of context but must be taken together with other related provisions to determine its meaning."). Specifically, the subdivision requiring intervenors to attend conferences and hearings is part of a larger statute that delineates various procedural rules related to intervenors, including the filing requirements for intervenors. Subdivision 1, for example, provides that putative intervenors must file "an application or motion in writing" in order to become a party to a workers' compensation action. Minn. Stat. § 176.361, subd. 1 (2014) (allowing a party to intervene "by filing an application or motion in writing stating the facts which show the interest"). Without such a filing, a putative intervenor may not make a claim for reimbursement. *See* Minn. Stat. § 176.361, subd. 2(b) (2014) ("The application or motion *must* be accompanied by the following: (1) an itemization of disability payments showing the period during which the payments were or are being made; the weekly or monthly rate of the payments; and the *amount of reimbursement claimed . . . .*" (emphasis added)).

The Relators' interpretation, which would require a compensation judge to deny a claim for reimbursement only if an intervenor never files anything at all, is inconsistent with these other provisions. After all, if an intervenor is required to file a motion to intervene, accompanied by a statement of the amount claimed, in order to be eligible for reimbursement, then there is nothing for a compensation judge to deny when the intervenors have never brought a motion to intervene in the first place. *See* Minn. Stat.

7

§ 176.361, subd. 2 (2014). In other words, under the Relators' interpretation, the compensation judge's obligation under subdivision 4 would be to deny reimbursement claims that have not been filed on behalf of entities that are not parties to the case. To give effect to the word "denial" in the second sentence of subdivision 4, the "failure to appear" cannot logically refer to the mere filing of intervention papers.[1]

Indeed, another subdivision of the statute, which governs intervention motions by government agencies, confirms that serving and filing intervention papers is not the same as making an appearance. Specifically, Minn. Stat. § 176.361, subd. 1, allows the Department of Human Services or the Department of Employment and Economic Development to intervene in a workers' compensation matter by having a "nonattorney employee . . . prepare, sign, serve and file motions for intervention and related documents, appear at prehearing conferences, and participate in matters before a compensation judge." In other words, the statute describes two types of actions that a

---

[1] The concurrence accurately observes that the word "appear" can have multiple meanings. *See, e.g.*, *Black's Law Dictionary* at 118-19 (describing different uses of the word "appearance"); *American Heritage Dictionary* at 85 (giving eight different definitions for the word "appear"). However, "the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Deal v. United States*, 508 U.S. 129, 132 (1993). Viewed in context, the only reasonable definition of the word "appear" in Minn. Stat. § 176.361 is that it denotes an affirmative duty to be present. *See State v. Nelson*, 842 N.W.2d at 437 n.2 ("[T]he relevant definition of a term depends on the context in which the term is used."). The concurrence's proposed alternative definition, which would allow a compensation judge to penalize an intervenor only when it fails to file any documents at all in a workers' compensation proceeding, is unreasonable in light of the bedrock principle that we must read and interpret a statute as a whole. *See Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) (requiring courts to interpret a statute as a whole "in light of" surrounding provisions).

8

nonattorney employee can take when a department seeks to intervene in a workers' compensation matter: (1) preparing, signing, serving, and filing the motions for intervention and related documents; and (2) appearing at prehearing conferences and participating in matters before the compensation judge. If preparing and filing intervention papers were the same thing as the duty to "appear," as the Relators argue, then these tasks would be duplicative of one another. In short, Relators' reading would violate our obligation to read the statute as a whole so that all of its terms are effective. *See Nelson v. Schlener*, 859 N.W.2d at 294.

Accordingly, we conclude that Minn. Stat. § 176.361, subd. 4, is unambiguous, and that its first sentence requires intervenors to attend "all settlement or pretrial conferences, administrative conferences, and the hearing."[2] The second sentence of the statute then prescribes the penalty—the denial of claims for reimbursement—when an intervenor violates its mandatory duty to attend a conference or hearing.

---

[2] The Relators observe that penalizing intervenors for their failure to appear at hearings is contrary to current practice. According to the Relators, many intervenors have little to add to the consideration of an employee's claim in a workers' compensation matter, and it may be more burdensome for everyone involved, including the compensation judge, to require intervenors to attend every conference and hearing. Whatever the merits of the Relator's policy arguments, they are immaterial in light of our conclusion that Minn. Stat. § 176.361, subd. 4, unambiguously requires the attendance of intervenors at conferences and hearings. *See Axelberg v. Comm'r of Pub. Safety*, 848 N.W.2d 206, 213 (Minn. 2014) (stating that, when an unambiguous statute "needs revision in order to make it embody a more sound public policy, the Legislature, not the judiciary, must be the reviser").

9

B.

Applying the statute to the facts of this case, we must now determine whether the compensation judge erred when he denied the Relators' claims based on their failure to appear at the hearing. There are only two circumstances in which Minn. Stat. § 176.361, subd. 4, relieves intervenors of the obligation to appear at conferences and hearings, but neither is present here. First, attendance is unnecessary when the parties have signed and filed a stipulation establishing the intervenor's right to reimbursement. *See* Minn. Stat. § 176.361, subd. 3 (addressing stipulations); *id.*, subd. 4 (discussing the attendance requirement). Here, however, it is undisputed that the parties in this case neither signed nor filed a stipulation.

Second, when an insurer or self-insured employer fails to return a signed stipulation or to object to the claim within 30 days, the intervenor's right to reimbursement "is deemed established," which relieves the intervenor of its obligation to appear at conferences and hearings. *Id.*, subds. 3, 4. In this case, however, Lupient objected to the compensability of the services for which the Relators sought reimbursement, arguing that they were not reasonable, necessary, or causally related to Sumner's injury. Thus, the Relators failed to "establish" their right to reimbursement prior to the hearing. *Id.*, subd. 4. Because it is undisputed that the Relators were absent from the hearing and that neither of the two exceptions to the attendance requirement was

10

met,[3] the compensation judge did not err when he denied the Relators' claims for reimbursement.

III.

For the foregoing reasons, we affirm the decision of the Workers' Compensation Court of Appeals.

Affirmed.

---

[3] Because the Relators were completely absent from the hearing, we express no opinion on whether an intervenor may appear telephonically or by some other medium, or on the validity of the standing order of the Office of Administrative Hearings that allows intervenors to provide a contact person who must be available during settlement conferences. *See* Standing Order Granting Attendance at Settlement Conference Via Telephone, OAH (June 19, 2014).

CONCURRENCE

DIETZEN, Justice (concurring).

I concur in the result reached by the majority, but disagree with its underlying analysis that the word "appear" in Minn. Stat. § 176.361, subd. 4 (2014), is not ambiguous.

Minnesota Statutes § 176.361, subdivision 4, provides:

Unless a stipulation has been signed and filed or the intervenor's right to reimbursement has otherwise been established, the intervenor shall attend all settlement or pretrial conferences, administrative conferences, and the hearing. Failure to appear shall result in the denial of the claim for reimbursement.

In my view, the word "appear" is susceptible to two reasonable interpretations, and therefore is ambiguous. The first reasonable interpretation of "appear" is the intervenor must be present at "all settlement or pretrial conferences, administrative conferences, and the hearing" to satisfy the requirements of the statute, and avoid a default. This interpretation aligns with the literal meaning of the word "appear." *See The American Heritage Dictionary of the English Language* 85 (5th ed. 2011) ("To present oneself formally before a court as defendant, plaintiff, or counsel.").

The second reasonable interpretation of "appear" is that the intervenor must either be present at all conferences and the hearing, or serve or file a pleading in the proceeding. The word "appear" is not defined in the rules governing workers' compensation proceedings. *See* Minn. R. 1415.0300 (2013); Minn. R. 1420.0200 (2013). But the Minnesota Rules of Civil Procedure provide that "[a] party appears when that party serves or files any document in the proceeding." Minn. R. Civ. P. 5.01. This

interpretation aligns with the legal definition of "appearance" as "a defendant's act of taking part in a lawsuit, whether by formally participating in it or *by an answer, demurrer, or motion*." *Black's Law Dictionary* 118 (10th ed. 2014) (emphasis added). Under this interpretation, the word "appear" has a different meaning than the word "attend" as used in Minn. Stat. § 176.361, subd. 4, thus honoring the textual canon that "when different words are used in the same context, we assume that the words have different meanings." *Dereje v. State*, 837 N.W.2d 714, 720 (Minn. 2013).

Thus, "appear" as it is used in Minn. Stat. § 176.361, subd. 4, could be interpreted as requiring the intervenor to (1) be present at all conferences or hearings, or (2) serve and file a pleading in the case proceeding. Both of these interpretations are reasonable, and therefore I would conclude that Minn. Stat. § 176.361, subd. 4, is ambiguous. Nonetheless, for the reasons advanced by the majority, I believe the most reasonable interpretation of the word "appear" as it is used in Minn. Stat. § 176.361, subd. 4, is that the intervenor must be present at all conferences and hearings. Consequently, I concur in the result that the Relators' claims for reimbursement were properly denied.