STATE OF MINNESOTA

IN SUPREME COURT

A15-0896

Court of Appeals

Lillehaug, J.
Dissenting, Gildea, C.J.
Took no part, Anderson, J.

Anita J. Howard,

        Appellant,

vs.

Filed: February 15, 2017
Office of Appellate Courts

Shelly R. Svoboda, M.D., et al.,

        Respondents.

_____

Patrick Stoneking, Eric J. Magnuson, Lisa Lodin Peralta, Brandon Thompson, Robins Kaplan LLP, Minneapolis, Minnesota; and

Richard E. Bosse, Law Office of Richard E. Bosse, Chartered, Henning, Minnesota, for appellant.

Paul C. Peterson, William L. Davidson, João C. Medeiros, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota, for respondents.

Mark A. Hallberg, Amy C. Wallace, Hallberg Law, P.A., Saint Paul, Minnesota, for amicus curiae Minnesota Association for Justice.

Mark R. Whitmore, Christine E. Hinrichs, Bassford Remele, P.A., Minneapolis, Minnesota, for amicus curiae Minnesota Medical Association.

_____

1

S Y L L A B U S

A protective order prohibiting the disclosure of information from an informal discussion conducted under Minn. Stat. § 595.02, subd. 5 (2016), was not an injunction, and thus not an appealable order, under Minnesota Rule of Civil Appellate Procedure 103.03(b).

Vacated.

O P I N I O N

LILLEHAUG, Justice.

The parties in this case seek an interpretation of Minn. Stat. § 595.02, subd. 5 (2016), which provides that when a patient waives the physician-patient privilege in a health care malpractice action, the waiver includes permission for "informal discussions" with health care providers. Although the issue presented is one of first impression, we cannot reach it. Instead, we must vacate the court of appeals' decision for lack of appellate jurisdiction under the Minnesota Rules of Civil Appellate Procedure.

I.

On June 29, 2009, Anita Howard sought treatment at Noran Neurological Clinic, P.A., for back pain due to a car accident. Dr. Shelly Svoboda saw Howard and referred her to Dr. Mahmoud Nagib. On August 20, 2009, Dr. Nagib performed back surgery on Howard. Thereafter, Dr. Svoboda and her physician's assistant, Christopher Geisler, met with Howard in the clinic on several occasions for post-operative care, the last time being May 25, 2010.

On June 7, 2010, Howard awoke from a nap, unable to move her legs or sit up in bed. She was taken to Hennepin County Medical Center, where she was diagnosed with

complete paraplegia. Dr. Nagib identified a bacterial infection and collapse of the vertebrae at the surgery site, but concluded that surgery to repair the problem was too risky.

Howard sued Dr. Svoboda, Mr. Geisler, and Noran Neurological Clinic (Respondents), but not Dr. Nagib, for professional negligence. Howard alleged that Respondents negligently allowed the infection to go undiagnosed while she was in their care, causing collapse of her vertebrae and permanent paraplegia.

Respondents sought an informal discussion with Dr. Nagib under Minn. Stat. § 595.02, subd. 5. Howard authorized the informal discussion with Dr. Nagib, but then clarified that she would not allow Dr. Nagib to answer any questions regarding (1) Respondents' standard of care, or (2) whether Respondents' alleged negligence caused Howard's infection, vertebral collapse, or paraplegia. Respondents disagreed with those limitations. In response, Howard revoked her authorization.

Respondents filed a motion in the district court to compel authorization of the informal discussion. Howard filed a motion for a temporary injunction "and/or protection," i.e., a protective order, to limit the questioning during the informal discussion. Howard argued that the statute allows a treating physician to discuss only the physician's own treatment of the patient.

The district court granted each motion in part. The court required Howard to authorize Dr. Nagib to participate in the informal discussion, but restricted Respondents' questioning of Dr. Nagib to his own treatment of Howard. The district court characterized its order as granting Howard's motion for a protective order, but stated it did "not reach or grant" her motion for a temporary injunction.

3

Respondents filed an interlocutory appeal under Minnesota Rule of Civil Appellate Procedure 103.03(b), which allows interlocutory appeals from orders granting, refusing to grant, dissolving, or refusing to dissolve an injunction. Respondents also filed a petition for a writ of prohibition and a motion to consolidate the petition with the interlocutory appeal. The court of appeals denied both the petition and the motion to consolidate, but characterized the protective order as an immediately appealable temporary injunction. Respondents did not seek review of the denial of the petition for a writ of prohibition.

Meanwhile, in compliance with the district court's order, the parties and Dr. Nagib participated in an informal discussion. Dr. Nagib offered the unsolicited opinion that Howard's injury was due to fast-growing bacteria causing infection and spinal collapse within the two weeks before the paraplegia. Effectively, Dr. Nagib opined that Respondents' care was neither negligent nor the cause of Howard's paraplegia.

Howard moved to depose Dr. Nagib, arguing that the informal conference and the causation theory raised therein provided good cause. The district court denied the motion, concluding that the protective order was not violated and that good cause did not exist.

While the interlocutory appeal was pending, the case was tried to a jury. Howard objected to testimony from Dr. Nagib, arguing, *inter alia*, that his statements in the informal discussion had converted him into an undisclosed Rule 26 expert. *See* Minn. R. Civ. P. 26.01(b) (requiring pre-trial disclosure of witnesses who will offer expert opinions). The district court disagreed, and allowed Dr. Nagib to testify to the same opinion as the one he had volunteered at the informal discussion. The jury found in favor of Respondents and the district court ordered judgment in their favor.

4

Respondents and Howard advised the court of appeals of the judgment. Each argued that the judgment did not moot the issue before the court of appeals. Howard filed a motion in the district court for judgment as a matter of law or, in the alternative, a new trial. Howard based her motion in part on the fact that the district court allowed Dr. Nagib to opine on matters other than his own treatment of Howard.

The court of appeals proceeded to decide the interlocutory appeal and reversed the district court's protective order, concluding that the statute allowed Respondents to ask Dr. Nagib about Respondents' care of Howard and the cause of her injury. *Howard v. Svoboda*, 877 N.W.2d 562, 566-67 (Minn. App. 2016). The court did not address the issue of mootness. *See id.*

Howard then filed a petition for review. We granted review and ordered the parties to also brief the questions of: (1) whether the court of appeals properly exercised appellate jurisdiction over an interlocutory order; and (2) whether the appeal had become moot.

After we granted review, the district court denied Howard's motion for judgment as a matter of law or, in the alternative, a new trial. Howard has appealed that denial, as well as the judgment based on the jury verdict, to the court of appeals. That appeal is pending.

II.

We start with the issue of appellate jurisdiction, which is a question of law subject to de novo review. *City of Saint Paul v. Eldredge*, 800 N.W.2d 643, 646 (Minn. 2011).

A.

Howard first argues that the court of appeals properly exercised appellate jurisdiction under Rule 103.03(b), which states that an "appeal may be taken to the Court

5

of Appeals . . . from an order which grants, refuses, dissolves or refuses to dissolve, an injunction." Minn. R. Civ. App. P. 103.03(b). District courts usually issue injunctions under Minnesota Rule of Civil Procedure 65, although other rules or statutes may authorize them. *See, e.g.*, Minn. Stat. § 13.08, subd. 2 (2016) (authorizing an injunction for violating the Minnesota Government Data Practices Act).

Both Howard and Respondents argue that Rule 103.03(b) applies not only to orders labeled as injunctions, but also to orders that have the effect of injunctions. *See* 3 Eric J. Magnuson, et al., *Minnesota Practice—Appellate Rules Ann.* § 103.7 (2016 ed.) (stating that Rule 103.03(b) "applies to all orders that have the effect of granting or refusing an injunction, and does not require that the order arise under" Minnesota Rule of Civil Procedure 65 (citing *Davis v. Danielson*, 558 N.W.2d 286 (Minn. App. 1997); *Edina Educ. Ass'n v. Bd. of Educ. of Indep. Sch. Dist. No. 273 (Edina)*, 562 N.W.2d 306 (Minn. App. 1997)). In this case, we need not mark the precise boundary of what orders are, and are not, injunctions. For several reasons, we conclude that the district court's order regarding the informal discussion was not an injunction.

First, although Svoboda specifically sought an injunction, the district court issued only what it styled as a protective order. The district court expressly declined to reach the motion for injunctive relief.

Second, in deciding the scope of relief, the district court did not apply the equitable factors required for granting or denying a motion for a temporary injunction. *See Dahlberg Bros. v. Ford Motor Co.*, 272 Minn. 264, 274-75, 137 N.W.2d 314, 321-22 (1965) (setting forth the factors for a temporary injunction); 1 Howard C. Joyce, *A Treatise on the Law*

6

*Relating to Injunctions*, § 1, at 2-3 (1909) ("[I]n its accepted legal sense, an injunction is a judicial process . . . by which, upon certain established principles of equity, a party is required to do or refrain from doing a particular thing."). For example, the district court did not consider and balance the harms to the parties. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (suggesting that orders with the "practical effect" of an injunction typically have "serious, perhaps irreparable, consequence").

Third, the merits of the underlying professional negligence claim were not at issue; therefore, the district court did not grant or deny any of the substantive relief sought in the complaint. *See Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 406 (2d Cir. 1963) (Friendly, J.) (stating that appealable injunctions "giv[e] some or all of the substantive relief sought by a complaint" but do not include "restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial"). The district court's protective order was akin to routine pretrial regulation of discovery and the parties' litigation conduct. Although informal discussions under Minn. Stat. § 595.02, subd. 5, are not formal discovery, *Blohm v. Minneapolis Urological Surgeons, P.A.*, 449 N.W.2d 168, 170 (Minn. 1989), pretrial procedural orders of this sort are not usually appealable. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (stating that an order "that relates only to the conduct or progress of litigation . . . ordinarily is not considered an injunction and therefore is not appealable . . . ."); *Switz. Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966) (holding that orders "that in no way touch on the merits of the claim but only relate to pretrial procedures" cannot be appealed on an interlocutory basis).

In sum, the district court's order was neither styled as, nor had the characteristics of, an injunction. Thus, the court of appeals lacked appellate jurisdiction to consider it under Rule 103.03(b).

B.

Howard next proposes that we review the court of appeals' decision under two other rules. First, Rule 105 states that, "in the interests of justice the Court of Appeals may allow an appeal from an order not otherwise appealable pursuant to Rule 103.03." Minn. R. Civ. App. P. 105.01. Importantly, this portion of the rule refers to the court of appeals, not this court. The court of appeals was not asked to, and did not, consider Rule 105 as the basis for appellate jurisdiction. And we have never exercised jurisdiction under the modern version of Rule 105 when a party did not petition the court of appeals under the rule.[1]

Second, Howard proposes that we should review an otherwise non-appealable order under Rule 102. That rule states:

> In the interest of expediting decision upon any matter before it, or for other good cause shown, the Supreme Court or the Court of Appeals, except as otherwise provided in Rule 126.02, may suspend the requirements or provisions of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction.

---

[1]     Before August 1, 1983, Rule 105.01 read, in relevant part, "The Supreme Court, in the interest of justice and upon the petition of a party, may allow an appeal from an order not otherwise appealable under Rule 103.03." Minn. R. Civ. App. P. 105.01 (1981). Opinions by this court followed the old rule's broader language. *See, e.g.*, *In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 247 n.2 (Minn. 1982) (basing its holding on Rule 103.04 and stating in dicta, "This court may grant discretionary review, of course, in appropriate cases where the interest of justice requires immediate review of liability determinations before the issue of damages has been litigated. Minn. R. Civ. App. P. 105."); *Conover v. N. States Power Co.*, 313 N.W.2d 397, 407 (Minn. 1981).

Minn. R. Civ. App. P. 102; *see also LeRoy v. Marquette Nat'l Bank of Minneapolis*, 277 N.W.2d 351, 354 (Minn. 1979) (invoking Rule 102 to exercise jurisdiction despite a defective appeal arising "from a genuine misconstruction of Rule 103.03").

Here, Howard has not shown good cause for us to suspend our rules of appellate procedure that generally disfavor interlocutory appeals. As we have discussed, the district court's protective order did not trigger appellate jurisdiction under Rule 103.03(b). Respondents also sought a writ of prohibition, but they did not seek review from the denial of their petition by the court of appeals. *See State v. Dahlin*, 753 N.W.2d 300, 303-04 (Minn. 2008) (stating that "denial of a writ of prohibition by the court of appeals is subject to review by this court through petition for review . . . .").

Further, good cause is absent because whether Dr. Nagib should have been allowed to testify and, if so, what parts of his testimony were admissible, are part of Howard's ongoing appeal from the jury verdict in favor of Respondents. *See Howard v. Svoboda*, No. A16-1232 (Minn. App. filed Aug. 1, 2016). Whether the issue of Dr. Nagib's testimony will be resolved by the appeal from the judgment and, if not, whether there will be any issue on which review will be sought, are matters that must wait until another day.

Accordingly, because the court of appeals lacked appellate jurisdiction over the district court's interlocutory order, we vacate the court of appeals' opinion. *See, e.g.*, *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 41 (1995) (vacating the judgment of the court of appeals for lack of appellate jurisdiction); *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 592 (Minn. 2016) (vacating the court of appeals' decision for

9

lack of appellate jurisdiction).[2]

Vacated.

ANDERSON, J., took no part in the consideration or decision of this case.

---

[2]     Because we conclude that appellate jurisdiction is lacking, we do not reach the issue of mootness, and because the court of appeals' decision is vacated, we do not reach the merits of the parties' arguments regarding Minn. Stat. § 595.02, subd. 5.

DISSENT

GILDEA, Chief Justice (dissenting).

I respectfully dissent. I would dismiss the appeal as improvidently granted.