**CITY OF ROCHESTER, Appellant,**

v.

**Franklin P. KOTTSCHADE, et al., Respondents.**

**A16-1203**

Supreme Court of Minnesota.

Filed: June 7, 2017

---

Monte A. Mills, Greene Espel PLLP, Minneapolis, Minnesota, for appellant.

Gary A. Van Cleve, Bryan J. Huntington, Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, Minnesota, for respondents.

## OPINION

CHUTICH, Justice.

Appellant City of Rochester (City) sued respondents Franklin P. Kottschade and S.J.C. Properties (collectively SJC) to stop arbitration proceedings after SJC demanded arbitration and an arbitrator determined that the dispute was arbitrable. The district court denied the City's motion for summary judgment, granted SJC's motion for summary judgment, and compelled arbitration. Rather than stay the underlying action, as required by Minnesota Statutes section 572B.07(f) (2016), the district court directed the entry of judgment, and judgment was entered. The City appealed. When the court of appeals questioned its jurisdiction, the City argued that the district court's order was a final judgment because it dismissed, rather than stayed, the underlying proceeding and, therefore, the court of appeals could review the district court's order compelling arbitration. The court of appeals disagreed and dismissed the appeal as taken from a nonfinal order and judgment. *Rochester v. Kottschade*, No. A16-1203, Order (Minn. App. filed Aug. 16, 2016).

Although a final judgment entered as directed by the district court is generally appealable under Rule 103.03(a) of the Minnesota Rules of Civil Appellate Procedure, we conclude that the district court erred by directing the entry of that judgment rather than staying the proceeding as directed by section 572B.07(f). Accordingly, we reverse the court of appeals' dismissal and we remand to the district court with instructions to vacate the judgment and to enter a stay pending the completion of arbitration.

## FACTS

The City and SJC have been involved in numerous land disputes. In 2010, the City and SJC entered into a settlement agreement resolving two separate lawsuits. The agreement contained an arbitration clause that required the parties to submit "[a]ny dispute regarding the interpretation of [the] [a]greement that cannot be resolved" to a specified mediator "for final binding arbitration."

In 2015, SJC demanded arbitration with the City regarding two new parcels of land, claiming that the City had failed to comply with its obligations under the 2010 settlement agreement. The City objected to SJC's demand for arbitration because, it asserted, no interpretation of the 2010 settlement agreement was required. But, the City agreed to allow the arbitrator to decide the issue of arbitrability. The arbitrator concluded that the disputes involved the interpretation of the 2010 settlement agreement and, thus, were subject to arbitration.

Following the arbitrator's determination, the City filed a complaint in Olmsted County District Court, challenging the arbitrator's determination that the disputes were arbitrable and moving for a temporary injunction. SJC then moved for summary judgment to compel arbitration, asking the district court to dismiss the City's action with prejudice. The City also moved for summary judgment to permanently enjoin the arbitration proceedings. The parties agreed to a temporary stay of arbitration until the court could hear the parties' motions.

Following the hearing on the parties' motions, the district court determined that the parties had an "enforceable agreement to arbitrate and that the disputes raised fall within the scope" of the agreement, *see* Minnesota Statutes § 572B.06(b) (2016). The court granted SJC's motion for summary judgment, which had the effect of requiring the parties to submit the dispute to arbitration. After the court denied the City's motion, it ordered the entry of judgment, stating: "LET JUDGMENT BE ENTERED ACCORDINGLY." The district court administrator entered judgment.

The City appealed from the district court's decision, relying on both Rule 103.03 of the Rules of Civil Appellate Procedure and Minnesota Statutes section 572B.28(a)(6) (2016) as authority for its appeal. The City argued to the court of appeals that the district court erred in compelling arbitration. Although recognizing that an appeal may be taken from a final judgment under Rule 103.03(a), the court of appeals questioned its jurisdiction because the Minnesota Uniform Arbitration Act (the Act), Minn. Stat. §§ 572B.01-.31 (2016), "does not authorize entry of judgment on an order granting a motion to compel arbitration." *Rochester v. Kottschade*, No. A16-1203, Order at 2-3 (Minn. App. filed July 27, 2016). The court of appeals reasoned that "[i]f the May 31, 2016 judgment was not entered pursuant to sections 572B.01 to 572B.31, then the judgment is not appealable under Minn. Stat. § 572B.28(a)(6)." *Id.* at 2.

The City contended that the court of appeals had jurisdiction in part because the district court determined arbitrability under section 572B.06(b) of the Act and, after resolving the parties' motions, final judgment was entered. In support, the City cited cases from other jurisdictions holding that an order compelling arbitra-

tion is appealable when the order dismisses, rather than stays, the case. SJC disagreed, asserting that the court of appeals should dismiss the appeal because the district court improperly directed the entry of judgment. SJC also argued that the statute listing appealable orders under the Act, section 572B.28(a), does not include an order granting a motion to compel arbitration.

The court of appeals dismissed the appeal as taken from a nonfinal order and judgment. The court concluded that "[a]n order granting a motion to compel arbitration is not an appealable order under Minn. Stat. § 572B.28" because such an order "is not a final judgment entered on an order confirming, vacating without directing a rehearing, modifying, or correcting an award." *Rochester v. Kottschade,* No. A16-1203, Order at 2 (Minn. App. filed Aug. 16, 2016). The court of appeals also determined that the City's alternative argument—that the district court's order was appealable under Rule 103.03(b) of Minnesota Rules of Civil Appellate Procedure because it effectively denied injunctive relief—failed because the order was "analogous to an order that denies a stay of arbitration," which is not appealable. *Id.* at 3. The court of appeals noted that the City could obtain appellate review "in a proper and timely appeal, if necessary, from an appealable order or judgment under Minn. Stat. § 572B.28(a)." *Id.* We granted the City's petition for review.

## ANALYSIS

██ This case requires us to decide whether the court of appeals correctly concluded that the district court's order was not a final order and judgment and, therefore, not appealable. *See Pulju v. Metro. Prop. & Cas.*, 535 N.W.2d 608, 608 (Minn. 1995) (order) (granting review of a decision of the court of appeals that dismissed an

appeal as untimely); *see also* Minn. R. Civ. App. P. 117 (authorizing our review of "any decision of the Court, of Appeals"). The City primarily asserts[1] that the court of appeals erred by dismissing its appeal because the district court's order is reviewable on appeal under section 572B.28(a) of the Act, which provides:

An appeal may be taken from:

(1) an order denying a motion to compel arbitration;

(2) an order granting a motion to stay arbitration;

(3) an order confirming or denying confirmation of an award;

(4) an order modifying or correcting an award;

(5) an order vacating an award without directing a rehearing; or

(6) a final judgment entered pursuant to sections 572B.01 to 572B.31.

Minn. Stat. § 572B.28(a). Specifically, the City argues that because "the district court made a decision about arbitrability under section 572B.06(b)—which is within chapter 572B—and then entered final judgment, that judgment [is] appealable under 572B.28(a)(6)." The City asks us to reverse and remand to the court of appeals to address the question of arbitrability.

SJC disagrees, asserting that the Act does not allow appeals from orders that compel arbitration; rather, the only pre-award circumstances permitting appeal are from orders that deny a motion to compel arbitration or grant a motion to stay arbitration. Further, relying on *Metropolitan Airports Commission v. Metropolitan Airports Police Federation*, 443 N.W.2d 519, 523 (Minn. 1989), SJC contends that the appealable final judgments under the Act are limited to "judgments on orders confirming, modifying or correcting an award."[2] SJC also contends that, to the extent we determine that the judgment entered here was a final appealable judgment, then the appropriate action is to reverse the district court's dismissal order and remand with instructions to vacate the judgment and enter an order staying the underlying civil proceedings pending arbitration.[3]

---

**1.** The City argues in the alternative that the court of appeals had jurisdiction under Rule 103.03(b) of the Minnesota Rules of Civil Appellate Procedure, which allows an appeal to be taken "from an order which grants, refuses, dissolves, or refuses to dissolve, an injunction," because the district court's denial of its summary judgment motion is a denial of an injunction and is appealable as of right. We disagree.

Similar to our recent decision in *Howard v. Svoboda*, 890 N.W.2d 111, 114-15 (Minn. 2017), the district court's order did not deny injunctive relief. First, the district court analyzed the parties' summary judgment motions as "motion[s] to stay or compel arbitration," not as motions to grant or deny injunctive relief. Second, the district court did not review any of the equitable factors for injunctive relief when it denied the City's motion for summary judgment. Instead, it determined only that a valid arbitration agreement existed and that the parties' dispute was arbitrable. Finally, the district court did not make a

determination on the merits of the parties' dispute. Therefore, like in *Howard*, the district court's order compelling arbitration was not a denial of injunctive relief. *Id.*

**2.** Our decision in *Metropolitan Airports Commission* interpreted the prior Uniform Arbitration Act, in effect until 2011, which was silent on a district court's authority to determine the arbitrability of a dispute. *See* Minn. Stat. § 572.08 (2010).

**3.** The City contends that SJC waived this argument by asking the district court to dismiss the City's case with prejudice, and then failing to file a notice of related appeal to challenge the district court's failure to grant a stay. The City's arguments are unavailing. SJC may have pointed the district court in the wrong direction by requesting a dismissal with prejudice, but we are not bound by a misconception of the law. *See State v. Warren*, 419 N.W.2d 795, 799 (Minn. 1988) (concluding that a concession by the State was based on a

"We review questions of statutory interpretation de novo." *Sumner v. Jim Lupient Infiniti,* 865 N.W.2d 706, 708 (Minn. 2015) (citing *Larson v. State,* 790 N.W.2d 700, 703 (Minn. 2010)). When interpreting a statute, we must give the statute's words and phrases their plain and ordinary meaning. *W. Bend Mut. Ins. Co. v. Allstate Ins. Co.,* 776 N.W.2d 693, 698 (Minn. 2009). "We interpret a statute 'as a whole so as to harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held superfluous, void, or insignificant.' " *328 Barry Ave., LLC v. Nolan Props. Grp., LLC,* 871 N.W.2d 745, 749 (Minn. 2015) (quoting *Jackson v. Mortg. Elec. Registration Sys., Inc.,* 770 N.W.2d 487, 496 (Minn. 2009)). Finally, when interpreting this uniform law, we will consider other jurisdictions' interpretations of their uniform arbitration acts. *See* Minn. Stat. § 572B.29(a) (explaining that when "applying and construing this uniform act, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it"); *see also* Minn. Stat. § 645.22 (2016) ("Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them.").

Historically, we have viewed arbitration favorably, *Schmidt v. Midwest Family Mut. Ins. Co.,* 426 N.W.2d 870, 873, 875 (Minn. 1988), in part because the "purpose of the arbitration act is to provide an efficient and relatively inexpensive mechanism for resolving disputes," *Correll v. Distinctive Dental Servs., P.A.,* 607 N.W.2d 440, 445 (Minn. 2000) (citing *Eric A. Carlstrom Constr. Co. v. Indep. Sch. Dist. No. 77,* 256 N.W.2d 479, 483 (Minn. 1977)). Thus, we have declined to review orders that compel arbitration or deny a requested stay of arbitration. *See Freeman v. Duluth Clinic, Ltd.,* 334 N.W.2d 626, 628 n.1 (Minn. 1983) (stating that "[a]n order compelling arbitration . . . [was] not appealable" under the prior Act); *Miyoi v. Gold Bond Stamp Co. Emps. Ret. Trust,* 293 Minn. 376, 196 N.W.2d 309, 310 (1972) (declining to review "an order denying a stay of arbitration sought under" the prior Act); *see also Johnson v. Vill. of Plymouth,* 281 Minn. 232, 161 N.W.2d 306, 308 (1968) (declining to review orders appointing panel members and stating that the orders "neither involve the merits of the action nor determine it" and thus the appeal was "premature").

Our approach is consistent with the plain language of section 572B.28 in at least two ways. First, an appeal in a *pre-award* circumstance is permitted only from an order either denying a motion to compel arbitration or from granting a motion

misconception of the law, and we "decline[d] to be bound by" that mistake because we saw "no reason why we may not see what is in plain sight simply because the state has chosen not to."). Moreover, parties cannot confer on the district court the authority to take action under a statute when the statute itself does not grant the district court such authority. *Cf. Tischer v. Hous. & Redev. Auth. of Cambridge,* 693 N.W.2d 426, 430 (Minn. 2005) (explaining that "[s]ubject matter jurisdiction cannot be conferred by consent of the parties").

Second, a notice of related appeal is required to "obtain review of a judgment or order entered in the same underlying action that may adversely affect respondent." Minn. R. Civ. App. P. 106; *see also Lilly v. City of Minneapolis,* 527 N.W.2d 107, 110 n.2 (Minn. App. 1995) ("[T]he district court here ruled in [respondent's] favor on the issues appellants seek to strike. [Respondent] is not required to file a notice of review of these issues because they do not 'adversely affect him.' " (citing Minn. R. Civ. App. P. 106)), *rev. denied* (Minn. Mar. 29, 1995). Because SJC prevailed on its motion for summary judgment to compel arbitration, it was not required to file a notice of related appeal.

to stay arbitration. Minn. Stat. § 572B.28(a)(1)-(2). The district court's order falls into neither category. Instead, the district court compelled arbitration, an outcome not identified in the list of appealable orders in section 572B.28. Second, although section 572B.28 contemplates the possibility of an appeal from a "final judgment," we have construed the district court's authority to enter judgment under the prior Act to be limited to "judgments on orders confirming, modifying or correcting an award." *Metro. Airports Comm'n*, 443 N.W.2d at 523. If "the judgment entered by the trial court [does] none of those things," then the judgment "should never have been entered." *Id.*

█ We need not decide whether the court of appeals had appellate jurisdiction under the Act, however, because another basis for appellate jurisdiction exists. *See id.* (explaining that we "accept[ed] jurisdiction on another basis"). "Appellate courts have jurisdiction to hear appeals taken from a final judgment." *T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 788 (Minn. 2009). Here, once it determined the arbitrability question, the district court ordered entry of judgment and judgment was entered. The proceeding was over "as far as the court is concerned." *In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 754 (Minn. 2005) (quoting *In re Estate of Janecek*, 610 N.W.2d 638, 642 (Minn. 2000)).

Under these circumstances, the court of appeals had appellate jurisdiction under Rule 103.03(a) of the Minnesota Rules of Civil Appellate Procedure. *See* Minn. R. Civ. App. P. 103.03(a) (stating that "an appeal may be taken to the Court of Appeals ... from a *final judgment*" (emphasis added)); *T.A. Schifsky & Sons, Inc.*, 773 N.W.2d at 789 (explaining that the district court's certification of the order as a final partial judgment "was unnecessary," but

"by operation of law that judgment became final and appealable upon its entry"); *Metro. Airports Comm'n*, 443 N.W.2d at 523 ("[R]egardless of whether the judgment entered by the trial court ... was appealable under the arbitration act or the appellate rules, ... the court of appeals [has] the authority to accept jurisdiction" if, in the interests of justice, it is deemed necessary); *see also McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 585 (Minn. 2016) (explaining that court rules can define appellate jurisdiction).

But the availability of appellate jurisdiction does not mean that the district court's arbitrability decision should be reviewed. The problem, as the court of appeals recognized, is that the district court did not have the authority to direct the entry of final judgment in the circumstances before it. The question, then, is whether the court of appeals correctly dismissed this appeal as non-appealable after concluding that the district court did not properly enter final judgment under the Act.

In urging us to hold that the court of appeals erred, the City relies on *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), and argues that an order compelling arbitration can be reviewed on appeal before the arbitration commences. In *Green Tree*, the United States Supreme Court analyzed the Federal Arbitration Act to determine whether a district court's order granting a motion to compel arbitration and dismissing the claims with prejudice was a final, appealable decision. *Id.* at 82, 121 S.Ct. 513. The Court noted that the term "final decision," as used in the statute permitting appeals under the Federal Arbitration Act, "has a well-developed and longstanding meaning" as "a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.' "

*Id.* at 86, 121 S.Ct. 513 (citations omitted). The Court concluded that the district court's order compelling arbitration and dismissing the underlying judicial action "with prejudice" was a final decision because it left nothing for the court to do but enter judgment. *Id.* at 86-87, 121 S.Ct. 513. The Court noted that if the district court had "entered a stay instead of a dismissal in [the] case, that order would not be appealable." *Id.* at 87 n.2, 121 S.Ct. 513 (citing 9 U.S.C. § 16(b)(1)). Because the question of whether the district court should have stayed the underlying proceeding pending arbitration was not before the Court, it declined to address it. *Id.* The Court, therefore, considered the merits of the parties' arbitrability dispute. *Id.* at 89-92, 121 S.Ct. 513.

■ *Green Tree* may initially appear to be relevant here because, like *Green Tree*, the district court's decision to direct the entry of final judgment, and the entry of that judgment, "plainly disposed of the entire case on the merits." *Green Tree*, however, is distinguishable in one critical respect: the Federal Arbitration Act permits an appeal from "a final decision with respect to an arbitration that is subject to" the federal act, 9 U.S.C. § 16(a)(3) (2012), a standard that is arguably broader than Minnesota's Act, which permits an appeal from a "final judgment entered pursuant to" the Act, Minn. Stat. § 572B.28(a)(6). As the Supreme Court noted, the breadth of the "final decision" clause under the federal act "preserves" an immediate appeal "regardless of whether the decision is favorable or hostile to arbitration." *Green Tree*, 531 U.S. at 86, 121 S.Ct. 513.

■ In contrast, we have construed the "final judgment" clause in Minnesota Statutes section 572B.28 in a manner consistent with allowing arbitration to proceed without unwarranted delay or premature appeals.[4] *See Correll*, 607 N.W.2d at 445 (recognizing that the purpose of the prior Act was to promote efficiency in resolving disputes). Further, as we noted in *Metropolitan Airports Commission*, the district court's authority to direct the entry of final judgment is limited by the specific provisions of the Act, and the court cannot expand this authority at a party's request. 443 N.W.2d at 523. Nothing in the Act authorizes the district court to enter judgment when it compels arbitration, and thus it would undermine the Act and be contrary to *Metropolitan Airports Commission* to allow appellate review of the arbitration decision simply because final judgment was entered incorrectly.

■ But instead of dismissing the City's appeal, the court of appeals should have considered the legislative directive to district courts to impose a stay when entering an order compelling arbitration. Minn. Stat. § 572B.07(f). Under section 572B.06(b), the district court is tasked with deciding "whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." Once the district court determines that an agreement to arbitrate exists and that the dispute is arbitrable, section 572B.07(f) directs the district court to stay judicial proceedings when granting a motion to compel arbitration. Specifically, when a district court orders the parties to arbitrate, the court "*shall* on just terms *stay* any judicial pro-

---

4. We agree with the court of appeals that appellate review of the district court's arbitrability determination is available once final judgment is entered on an order pursuant to the Act. Minn. Stat. § 572B.28(a)(6). The City may also obtain appellate review of an order of the district court that confirms or denies confirmation of the arbitrator's award, an order modifying or correcting an award, or an order vacating an award without directing a rehearing. Minn. Stat. § 572B.28(a)(3)-(5).

ceeding that involves a claim subject to the arbitration." Minn. Stat. § 572B.07(f) (emphasis added). The mandatory nature of this directive ("shall") confirms that the Legislature did not contemplate that a district court would dismiss or enter judgment on, rather than stay, an underlying action when it orders parties to arbitrate.[5]

Because we must read statutes as a whole to harmonize and give effect to all parts, we conclude that, once it ordered arbitration, the district court should have declined SJC's invitation to dismiss the City's action with prejudice. *See Metro. Airports Comm'n*, 443 N.W.2d at 523 (concluding that because the "judgment entered by the trial court" was not one authorized by statute, "it appears [that the] judgment should never have been entered by the trial court"). Therefore, the proper course for the court of appeals, faced with a final judgment that is appealable under Rule 103.03(a) of Minnesota Rules of Civil Appellate Procedure, was to direct the district court to vacate the judgment and enter a stay of the underlying action pending completion of the arbitration.[6] In sum, because the district court did not have the authority to direct the entry of final judgment on the underlying action, we reverse the court of appeals' decision to dismiss the appeal.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the court of appeals to dismiss the appeal and we remand to the district court with instructions to vacate the judgment and enter an order staying the underlying proceedings until arbitration is completed.

Reversed and remanded.

5. Although the Supreme Court in *Green Tree* did not consider whether the district court should have stayed the underlying proceeding, 531 U.S. at 87 n.2, 121 S.Ct. 513, the stay authorized under the federal act does *not* have the mandatory directive found in Minnesota's Act; the stay is entered only upon a party's request. *See* 9 U.S.C. § 3 (2012) (authorizing the district court to stay the proceeding under the federal act "on application of one of the parties").

6. Even when a dismissal order is deemed to be appealable, courts in other jurisdictions do not reach the merits of the arbitrability question, but instead recognize that a remand with instructions to vacate the dismissal and enter

a stay is the appropriate remedy. *See Stern v. Prudential Fin., Inc.*, 836 A.2d 953, 955 n.1 (Pa.Super. 2003) (concluding that a "remand is necessary to instruct" the lower court that "the proper method is not to dismiss the civil action but to stay it" and allowing the lower court to reconsider on remand the parties' waiver issue in light of disputed facts in the record); *Widener v. Fort Mill Ford*, 381 S.C. 522, 674 S.E.2d 172, 174 (App. 2009) (recognizing that the lower court's dismissal "finally determined the rights of the parties" but declining to reach a challenge to arbitrability, remanding instead to allow the court "to vacate its dismissal ... and to enter an order staying [the] action pending the outcome of the arbitration").