HUDSON, Justice.
Respondents William Woischke, Shirley Woischke, Woischke Enterprises, LLC, and Woischke Parks, LLC (collectively "Woischke") sued appellants Stursberg & Fine, Inc., Henry Stursberg, Jeremy Stursberg, and Joel Zimmerman (collectively "Stursberg") after learning that Stursberg had provided brokerage services to Woischke without the required state license. Woischke alleged, in relevant part, that the fee agreement obligating Woischke to pay for those services was void as contrary to public policy. Stursberg moved to compel arbitration in Pennsylvania pursuant to the terms of the fee agreement and to dismiss, or in the alternative to stay, the underlying proceedings. The district court concluded that the fee agreement was not void, ordered arbitration, and dismissed the case. The court of appeals reversed, concluding that the district court's order was appealable and that the fee agreement was void.
We conclude that the district court erred by directing entry of final judgment rather than staying the proceedings, and thus there is no proper final judgment from *421 which to take an appeal. We therefore vacate the court of appeals' decision and remand to the district court with instructions to vacate the judgment and to enter a stay pending the completion of arbitration.
FACTS
This case centers on a brokerage fee agreement between Woischke Enterprises and Stursberg & Fine. The contract, signed on March 4, 2016, provided that Stursberg & Fine would attempt to find a purchaser for Woischke Enterprises' mobile-home and recreational-vehicle park. If the property was not sold, the contract granted Stursberg & Fine the exclusive right to refinance the property and collect an origination fee.
The contract contained an arbitration clause. It read, "[Woischke Enterprises] agrees that all disputes arising out of this Fee Agreement will be submitted to ADR (Alternative Dispute Resolution) Options, Inc., Two Commerce Square, Suite 1100, 2001 Market Street, Philadelphia, PA.... [Woischke Enterprises] and Stursberg & Fine agree the decision by the ADR shall be binding to both parties."
Woischke Enterprises did not sell the property, and Stursberg & Fine obtained a mortgage that closed on May 5, 2016. At the time of closing, Stursberg & Fine's origination fee was held in escrow. Immediately after closing but before disbursement, Woischke informed Henry Stursberg that "no record of any broker license for any of the [appellants] could be located, and that [appellants] could not receive the funds unless they were licensed at the time of the transaction." The parties agreed to "an extension until June 1." In the interim, Henry Stursberg contacted the Minnesota Department of Commerce, which issued Stursberg & Fine a limited broker license on May 24. Later that day, Stursberg contacted Woischke, asking it to release the escrowed funds. Woischke refused to do so.
On June 3, Woischke filed a complaint in district court seeking, inter alia, a declaration that it was entitled to the escrowed funds.[1] Stursberg did not file an answer; instead it commenced arbitration proceedings and by email correspondence asked Woischke to voluntarily dismiss its complaint. On July 29, Woischke filed a motion for default judgment against Stursberg & Fine and Henry Stursberg. Three days later, Stursberg filed a motion to dismiss the case and compel arbitration, or in the alternative to stay the action pending arbitration. Following a hearing, the district court denied Woischke's default motion and granted Stursberg's motion to dismiss and compel arbitration.
Woischke appealed. The court of appeals questioned whether it had jurisdiction and, after briefing by the parties, accepted jurisdiction over the case. Woischke v. Stursberg & Fine, Inc. , No. A17-0408, Order at 2-3 (Minn. App. filed Apr. 25, 2017). While the appeal was pending, we issued our decision in City of Rochester v. Kottschade , 896 N.W.2d 541 (Minn. 2017). Based on that decision, Stursberg moved to dismiss the appeal and remand to the district court with instructions to vacate its judgment and enter a stay pending the completion of arbitration. The court of appeals denied that motion, concluding that this case was distinguishable from City of Rochester because *422 the district court in this case had addressed the merits of the case by concluding that the fee agreement was not void. Woischke v. Stursberg & Fine, Inc. , No. A17-0408, Order at 2-3 (Minn. App. filed June 27, 2017).
In a published opinion, the court of appeals reversed the district court's decision. Woischke v. Stursberg & Fine, Inc. , 906 N.W.2d 586, 594 (Minn. App. 2018). The court held that the agreement between Woischke Enterprises and Stursberg & Fine was void as contrary to public policy. Id. The court did not revisit its earlier jurisdictional holdings. We granted Stursberg's petition for review.
ANALYSIS
This case requires us to consider the scope of appellate review of a district court order that dismisses a case and orders arbitration when the order is based on the conclusion that the contract requiring arbitration is enforceable. We review questions of appellate jurisdiction de novo. Howard v. Svoboda , 890 N.W.2d 111, 114 (Minn. 2017).
"An appeal may be taken ... from a final judgment." Minn. R. Civ. App. P. 103.03(a). An order dismissing all claims constitutes a final judgment because it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. T.A. Schifsky & Sons, Inc. v. Bahr Const., LLC , 773 N.W.2d 783, 788 (Minn. 2009). But under the Minnesota Uniform Arbitration Act, when a district court determines that an agreement to arbitrate exists and a dispute is arbitrable, the district court must stay, rather than dismiss, the judicial proceedings when granting a motion to compel arbitration. City of Rochester , 896 N.W.2d at 548-49. When the court of appeals is faced with a final judgment contradicting this rule because the judgment dismisses, rather than stays, proceedings, "the proper course ... [is] to direct the district court to vacate the judgment and enter a stay of the underlying action pending completion of the arbitration." Id. at 549.
On its face, the application of these rules to this case is straightforward. The district court erred by dismissing the case instead of staying proceedings, and the court of appeals erred when it concluded that it had jurisdiction over the merits of this case.
But Woischke contends that these rules do not apply here because the district court addressed the merits of the lawsuit by interpreting the fee agreement in connection with its analysis of Minn. Stat. ch. 82.[2] In support of this position, Woischke cites Eckblad v. Farm Bureau Mut. Ins. Co. , 371 N.W.2d 78, 80 (Minn. App. 1985), rev. denied (Minn. Sept. 26, 1985), to assert that when, after a motion to compel arbitration has been filed but not yet ruled upon, the parties jointly proceed to litigate their rights and responsibilities, the resulting judgment declaring those rights and responsibilities and declaring that a party is entitled to arbitration is nevertheless appealable. Eckblad is not binding on our court.
Moreover, Eckblad is distinguishable because the district court in Eckblad did not order arbitration. Instead, the court issued only a final declaratory judgment, which is *423 appealable. See Minn. R. Civ. App. P. 103.03(a) ; see also Eckblad , 371 N.W.2d at 80 (noting that "the court and all the parties involved treated the matter as a declaratory judgment action"). Although the judgment included a declaration that Dorothy Eckblad was entitled to arbitration, the court did not follow the statutory procedure to compel arbitration, namely ordering the parties to arbitrate and staying the proceedings. See Minn. Stat. § 572.09(a) (1984) ("On application of a party showing an agreement [to arbitrate], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration...."); id. § 572.09(d) (1984) ("Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section...."). In this case, by contrast, the district court did order arbitration.
Woischke seeks to avoid this distinction by arguing that the arbitration order was contained in a final judgment, which is appealable. See City of Rochester , 896 N.W.2d at 547. But the district court here should not have entered final judgment. See id. at 549. When that error is corrected, there is no judgment from which Woischke may appeal. It is immaterial that the district court expressed an opinion on the validity of the fee agreement. We therefore conclude that the court of appeals, and in turn our court, are without jurisdiction to take any action with respect to this case beyond directing the district court to vacate the judgment and to enter a stay of the underlying action pending completion of the arbitration. Id.
CONCLUSION
For the foregoing reasons, we vacate the decision of the court of appeals and remand to the district court with instructions to vacate the judgment and to enter an order staying the underlying proceedings until arbitration is completed.
Vacated and remanded.

Woischke claimed that, because Stursberg did not have a broker license at the time of the transaction, Stursberg had violated Minn. Stat. § 82.85, subd. 1 (2018), which states, "No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts for which a license is required under this chapter without alleging and proving that the person was a duly licensed real estate broker, salesperson, or closing agent at the time the alleged cause of action arose."

At oral argument, Woischke also argued that arbitration was not required because (1) the arbitration clause of the fee agreement is unconscionable; and (2) the prohibition in Minn. Stat. § 82.85, subd. 1, against bringing an action in the courts of this state extends to filing a motion to compel arbitration. These issues were not argued in Woischke's brief and accordingly are deemed forfeited. See Melina v. Chaplin , 327 N.W.2d 19, 20 (Minn. 1982).